## MATTHEW MALONEY *vs.* THEODORE S. RUST.

The plaintiff had agreed to furnish materials and build a cellar wall for the defendant, for which when done, and for a further consideration to be paid in money, the defendant was to convey to him a certain piece of land. Having failed to perform his agreement in full, the defendant sued him for the non-performance and recovered damages. The plaintiff now sued the defendant for the value of the materials furnished and work done by him. It appeared that the defendant had been compelled to rebuild the wall in part, but it was found that "the benefit actually and finally received by him for the work and materials furnished by the plaintiff under the contract was $136." Held that the plaintiff had a right to recover that amount.

[One Judge dissenting, and holding that the plaintiff could recover nothing until he had performed his contract; that the contract being for payment in land he could not recover pecuniary damages; and that the whole matter was adjudicated in the suit of the defendant against the plaintiff.]

ASSUMPSIT for work done and materials furnished; brought to the Court of Common Pleas for New Haven County. The case was tried to the court on the general issue, with notice of a claim that the matter was *res adjudicata.* The court found the following facts:

On the 28th day of March, 1873, the plaintiff and defendant entered into the following contract:

"This agreement by and between Matthew Maloney and T. S. Rust, witnesseth:—That said Maloney, for and in consideration of the promises and agreements of the said Rust hereinafter set forth, hereby agrees to furnish stone and materials and erect for said Rust on a building lot on South Crown street, in the city of Meriden, a cellar wall as required for a' building to be placed thereon, the form and dimensions of which are particularly set forth in a plan and specifications made by Henry M. Jones, said cellar wall to be six feet and six inches in height, and eighteen inches thick, the wall on east side and south side to be laid in good cement, and on the west and north sides to be laid in prime mortar; also to furnish cut stone and build the underpinning for said house, the same to be three feet in height in front, and tapering to one foot high in the rear; also to furnish and build the requisite number of steps for access to said cellar; the said cellar wall,

underpinning, and cellar steps to be erected in a sound, substantial, and workmanlike manner, and of first class materials, to be in every respect equally as good as the cellar wall, underpinning, and cellar steps under the house next adjoining on the north.

"And the said Maloney, in consideration of the agreements of said Rust, hereinafter expressed, further agrees to commence building said walls forthwith, as soon as the same is prepared for him, and to work continuously and complete the same as soon as practicable thereafter, so as not to hinder said Rust in the erection of his house thereon; and upon the proper completion of said cellar walls, underpinning and cellar steps, to also pay said Rust the sum of one hundred dollars in cash.

" Said Rust, in consideration of the faithful performance of his contract by said Maloney, as hereinbefore set forth, and also in addition thereto, upon the receipt of the one hundred dollars to be paid, agrees to convey to said Maloney, by good and sufficient warranty deed, a certain building lot situated on South Colony street, it being 50 by 115 feet, more or less, numbered 65 on a map of property of Kellogg & Rust, drawn by Hewitt."

The plaintiff at once began the work contracted for, and went on with it until it was nearly completed, when an accident happened to the cellar whereby a part of the wall was demolished.   The defendant claimed that the plaintiff should rebuild the wall, which he refused to do.   The defendant thereupon employed others to rebuild and complete the wall, and then brought an action against the plaintiff for breach of contract.   This action was brought to the Court of Common Pleas for New Haven County holden on the first Monday of September, 1873, in which court, at its February term, in the year 1874, Rust, the present defendant, recovered judgment against Maloney, the present plaintiff, for the sum of $135 as damages, and $77.68 as costs of suit.   The present suit was brought on the 19th day of November, 1873, and was pending in the same court at the time the judgment was rendered.

The declaration in the action of Rust against Maloney set

forth the contract between the parties, and then proceeded as follows:

"And the plaintiff says that in pursuance of said agreement the said Maloney undertook to build said cellar wall, under-pinning and cellar steps, but in all respects violated the terms of said contract on his part to be performed, and furnished and used improper and unsuitable stones and other materials for said wall, underpinning and steps, and laid the stones in an unskillful, unsubstantial, and unworkmanlike manner, and without cement and mortar as agreed upon; and furnished and used improper, defective, and uncut stone for the under-pinning, and laid them in a careless, unsubstantial, and unworkmanlike manner; and did not wholly complete said wall, underpinning, and steps, but abandoned and left the same before completed; and did not, as agreed upon, make the same as good as the cellar wall, underpinning, and cellar steps under the house next adjoining on the north; and generally the defendant did so unskillfully, unsubstantially, and improp-erly perform all said work, and in doing the same used such unsuitable and improper materials, that said foundation was of no service, and unsafe for the erection of a building thereon; in consequence of which the plaintiff has been obliged to tear down a large portion of said wall and have the same entirely relaid, and has been obliged to have the under-pinning, so erected by the defendant, removed, and stones properly cut and suitable for the purpose placed in their stead; and has been delayed and hindered a long time in the erection of his house thereon; whereby the plaintiff has been damaged to the amount of five hundred dollars, for the recovery of which, with costs, he brings this suit."

It appeared that the action was tried to the court upon the general issue, and that the court, in rendering judgment, merely found the issue for the plaintiff and assessed the damages.

It appeared in the present case that the benefit actually and finally received by the defendant from the work and materials furnished by the plaintiff under the contract, was $136.

Upon these facts the plaintiff claimed to recover that sum

with costs. The defendant claimed that the plaintiff could not recover—1st. Because the matter in controversy was adjudicated upon in the case of Rust against Maloney. 2d. Because the plaintiff could not recover money damages for work and labor upon the implied contract, when the original express contract had specified land as the material of payment. 3d. Because no recovery could be had on the quantum meruit, there being an express contract unfulfilled.

Upon these facts the case was reserved for the advice of this court.

*O. H. Platt* and *Davis*, for the plaintiff.

1. It is now well settled law that one who performs work under a special contract but not in conformity to it, can in an action of general assumpsit recover for the services rendered and materials furnished, where such materials have been accepted, or are beneficial to the party for whom the same were performed and furnished. He who receives the labor or acquires the property of another must make reasonable compensation for the same. Chitty on Contracts, (10th ed.,) 616, and note; Sedgwick on Damages, (6th ed.,) 252, 256, 259; Parsons on Contracts, 522; Story on Contracts, § 997. Even in New York, where a more rigid rule prevails than in the other states, it is held that if the work has been performed, though not according to contract, a recovery can be had in general assumpsit, when there has been a waiver or acceptance. *Jewell* v. *Schroeppel*, 4 Cowen, 564; *Sprague* v. *Blake*, 20 Wend., 61; *Pullman* v. *Corning*, 9 N. York, 93. In this case, however, there has been an acceptance by the defendant of the materials and part of the labor of the plaintiff, and no case has ever gone so far as to say that after a defendant has in fact appropriated the materials of a plaintiff and received a clear benefit, he can be excused from paying for such benefit.

2. The question whether the plaintiff in this case can recover for the benefit actually and finally received by the defendant, is not *res adjudicata*. Nothing could have been determined in the former case but what was legally in issue by the pleadings. 2 Phill. Ev., (C. & H. notes,) 13, 14, 21.

*Fairman* v. *Bacon*, 8 Conn., 425; *Dickinson* v. *Hayes*, 31 id., 423. The rule of damages in the former case was to give the then plaintiff such a sum as should make him whole—in other words, such a sum as with the benefit received should put him in as good a condition as if the contract had been fully and perfectly performed. Sedgwick on Damages, (6th ed.,) 25, 26, 27, 33, 57, 66, 67. The claim of the defendant on this point appears to be, that in the former action the court in rendering judgment must necessarily have ascertained what amount of benefit the plaintiff had received, and subtracted that from the whole amount of damage found as the result of the breach of contract, and rendered judgment for the balance only. No such matter was put in issue, and none could have been considered by the court.

3. The fact that by the contract a piece of land was to be conveyed to the plaintiff by the defendant, partly in consideration of the work to be performed under the contract, and partly in consideration of $100 to be paid by the plaintiff, can in no way affect our right to recover in general assumpsit. That right in no way depends on the contract, but on the legal liability or obligation of the defendant to pay for the benefit received. 2 Smith Lead. Cas., 61, case of *Cutler* v. *Powell*.

*Hicks*, for the defendant.

1. In the previous suit the court decided that the defendant was damaged, over and above all benefits arising from any performance of the contract by the present plaintiff, $135. The court could not have found the damages in that suit without considering the benefits. In that suit the plaintiff did not claim damages because of money paid or which by law he would thereafter be compelled to pay, but because the delay, the disappointment and the extra expense resulting from the failure of Maloney to fulfill his contract, was a damage to him, over and above all benefits arising from whatever Maloney had done or furnished under the contract. At the time of bringing the first suit the wall had all been rebuilt and the job completed by Rust, and if the court had found that the labor performed and the materials furnished

by Maloney had been of greater benefit to the plaintiff than all the damage Rust had suffered, it would have rendered judgment for Maloney. The judgment is conclusive in law as to the present demand. *Edwards* v. *Stewart*, 15 Barb., 67; *Bellinger* v. *Craigue*, 31 id., 534; *Le Guen* v. *Governeur*, 1 Johns. Cas., 492. Maloney's only remedy for excess would depend upon defeating the first action and subsequently suing on the agreement. *Davis* v. *Talcott*, 12 N. York, 189.

2. The plaintiff cannot recover on a quantum meruit, there being an express contract which he has not performed. *Vandenheuvel* v. *Storrs*, 3 Conn., 208; *Shepard* v. *Palmer*, 6 id., 100; *Londregon* v. *Crowley*, 12 id., 563; *North* v. *Nichols*, 37 id., 375; *Jennings* v. *Camp*, 13 Johns., 94; *Clark* v. *Smith*, 14 id., 326; *Lantry* v. *Parks*, 8 Cowen, 63; *Pullman* v. *Corning*, 9 N. York, 93; *Smith* v. *Brady*, 17 id., 173; *Faxon* v. *Mansfield*, 2 Mass., 147; *Bassett* v. *Sanborn*, 9 Cush., 65; *Martin* v. *Schoenberger*, 8 Watts & Serg., 367; *Dermott* v. *Jones*, 2 Wall., 1; *Rees* v. *Lines*, 8 Car. & P., 126. The record does not show any excuse or justification for the non-performance of that contract, or any acquiescence by Rust in rescinding it, and the contract being absolute in its terms he cannot recover until he complies with them. The only cases in which a recovery has been allowed were when the contract was substantially performed and the party had acted in the utmost good faith. 2 Chitty on Contracts, 828, note; *Hayward* v. *Leonard*, 7 Pick., 186; *Olmstead* v. *Beale*, 19 id., 528. The finding shows that a portion of the wall was demolished by accident, and it was the duty of Maloney to rebuild it. *Adams* v. *Nichols*, 19 Pick., 275; *School District* v. *Dauchy*, 25 Conn., 535. He refused to do so, as is found. He cannot therefore recover for the stone or materials used in the construction of the wall. The use of these materials by Rust which had been left upon his land by Maloney, so long as Maloney had abandoned his contract, does not render Rust liable for them. *Smith* v. *Brady*, 17 N. York, 173; *Bryant* v. *Stillwell*, 24 Penn. S. R., 314; *Mill* v. *School District*, 17 Maine, 316. It was Maloney's

duty to demand the materials and take them away and not throw upon Rust the burthen of carting them off.

3. The plaintiff cannot recover in money for that for which he agreed to take land in payment. *King* v. *Kerr*, 4 Chandl., 159; *Russell* v. *South Britain*, 9 Conn., 521; *Mitchell* v. *Gile*, 12 N. Hamp., 390. The only instances in which this has ever been done were where the defendant was unable or unwilling to convey the land. *Clark* v. *Fairchild*, 22 Wend., 576. Nothing in this record shows that the plaintiff ever demanded of the defendant to convey the land, or that the defendant ever refused so to do. A party ought not to be permitted to annul his own contract without some justification or excuse, and compel a person to pay in money for that for which he agreed to pay in land. Such a course is unjust, and would often result in the bankruptcy of an innocent party.

FOSTER, J. From the finding of facts in this case it appears that the parties to it entered into a contract with each other on the 28th of March, 1873. Maloney, the plaintiff, agreed to furnish stone and other materials for the building of a cellar wall and the underpinning of a house, and to build and construct the same for Rust the defendant; in consideration of which, and of the payment of $100 by Maloney to Rust, Rust was to convey to Maloney a certain building lot, specified and described in the contract. Maloney failed to perform his agreement. Rust brought a suit against him for the non-performance, and recovered the sum of $135 damages. It is now found, that "the benefit actually and finally received by the defendant, from the work and material furnished by the plaintiff under the contract, was $136." The defendant in this case having been made good for the damages sustained by him for the non-performance by the plaintiff of the contract into which they had entered, ought to pay the plaintiff for the materials furnished and labor performed by him which the defendant has voluntarily appropriated and made available to himself. If this question could have been adjudicated in the former action between

these parties, it is to be regretted that it was not done, for the law discourages multiplicity of suits.   As it was not then considered, and as the finding is clear and positive as to the benefit derived by the defendant, we think the plaintiff is entitled to judgment.

We advise the Court of Common Pleas to render judgment · for the plaintiff for the amount specified.

In this opinion PARK, C. J., and CARPENTER and PARDEE, Js., concurred.

PHELPS, J.   This is an action to recover for the value of labor and materials furnished under a special and entire contract, which was voluntarily abandoned by the plaintiff before the completion of the work, without the consent and against the protest of the defendant, and other persons were necessarily employed by the defendant to complete it.   The declaration counts on the contract and alleges a breach, and also contains the common counts for labor and materials.   I am unable to see that it has anything to distinguish it from the ordinary case of a refusal to complete such a contract, in which case the party refusing can recover nothing for what he has done, either upon a special or the common counts. *Londregon* v. *Crowley*, 12 Conn. R., 558.   Certainly not without showing that the other party to the contract has received some benefit from the labor done or materials furnished.

The full performance by the plaintiff and also the payment by him to the defendant of one hundred dollars in money, were by the terms of the contract expressly made the consideration for the defendant's promise of compensation.   It was clearly a condition precedent, and even though the condition appeared to be contrary to the equity of the case, the clear expression of the intention of the parties would prevail. *Leonard* v. *Dyer*, 26 Conn. R., 172.

The plaintiff did not stipulate against the happening of the accident which occurred, and therefore can not set that up as a defence.   The defendant was in no way the author of or responsible for it.   *School District* v. *Dauchy*, 25 Conn. R., 530.

In this case the compensation was to be in *land* instead of money, and without its having been made to appear that the defendant was guilty of some wrong or breach, it is difficult to understand upon what principle he can be compelled to pay *pecuniary damages*, and be thereby obliged to do what he did not promise, and what was never contemplated or intended by either party.

I also think the question presented in this case was directly involved and fully adjudicated in the former action by the defendant against the plaintiff. That action was brought for a breach of the same contract, and the gist of it consisted in particular allegations of the worthlessness of the same labor and materials for which this suit is brought, and the consequent injury to the present defendant by the necessary procurement of new materials and the reconstruction of the work. This was no otherwise answered than by a general denial, and the averments in the declaration were found true, and made the basis of a judgment for damages. Under the issue thus formed, the value of the labor and materials must have been considered in estimating the amount of the damages for which the judgment should be rendered, and the claim now made was then disposed of, and is *res adjudicata*. The fact that in the present action the court found the labor and materials worth a certain sum, is an insufficient answer, if their value, or want of value, was entertained and accounted for in the former suit.

I think the Court of Common Pleas should be advised to render judgment for the defendant.