Louis A. Schleicher *vs.* Nathalie D. Schleicher.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 4th—decided December 3d, 1935.

*Benjamin Slade,* with whom, on the brief, was *Louis Weinstein,* for the appellant (defendant).

*Kenneth Wynne,* with whom, on the brief, were *Herbert L. Emanuelson* and *Arthur T. Gorman,* for the appellee (plaintiff).

MALTBIE, C. J. In 1926 the plaintiff moved to Connecticut from New York and purchased a tract of land in Madison, causing the deed to be made to the defendant, his wife. Thereafter he constructed a

dwelling-house and garage upon the land, placing a mortgage of $3000 upon the premises and using the proceeds, with money contributed by both himself and his wife, to buy materials. In 1929 the house was ready for occupancy and he requested his wife to live with him there but she refused. Shortly before March 4th, 1930, the plaintiff, having become convinced that she would not join him in Madison, requested her to deed the premises to him but she refused unless he would pay her $2000. On March 4th, 1930, he filed in the town records a caveat claiming title to the premises. By writ dated August 29th, 1933, he began an action against the defendant, seeking a declaratory judgment that he was the sole owner of the premises. On October 3d, 1933, the defendant filed an answer in effect denying the right of the plaintiff to the relief sought. On March 8th, 1934, judgment was given in the action for the defendant. During the period from March 4th, 1930, to March 8th, 1934, the plaintiff occupied the premises, for a portion of the time continuously and for a portion during week-ends, and during this period he claimed and believed that he was the real owner of the property. The fair rental value of the premises during his occupancy was $30 a month. After the judgment the plaintiff vacated the premises. He brought this action to recover sums expended by him between March 4th, 1930, and March 8th, 1934, for taxes levied on the premises, interest upon the mortgage, insurance premiums and materials used in the maintenance and repair of the premises. The defendant in a counterclaim sought to recover the rental value of the premises between these dates. The trial court gave judgment for the plaintiff upon the complaint to recover the sums paid by him for taxes, interest and insurance premiums, and also for the

plaintiff upon the counterclaim; and the defendant has appealed.

Two of the defendant's claims require little comment. There is nothing in the public policy of this State which forbids a husband from bringing an action against his wife to adjust property rights between them, particularly after they have separated. *Mathewson* v. *Mathewson*, 79 Conn. 23, 37, 63 Atl. 285. The judgment in the former action does not preclude the plaintiff from a recovery in this action of the sums allowed by the trial court. His present claim is the outgrowth of the judgment which denied his title to the land. Until the fact that the defendant was the true owner had been determined, the present action would not lie. While it might have been possible to broaden the scope of the former action to include a determination of the right of the plaintiff to recover for the expenditures made by him, this matter was not involved in the question of title to the land actually litigated, and was not within the scope of the complaint, in that action. The present ground of claimed recovery is distinct and severable from the claim made and litigated there. The plaintiff is entitled to maintain an independent suit to recover for those expenditures after the determination of the title to the land in the former judgment. *Maloney* v. *Rust*, 42 Conn. 236, 242; *Kane* v. *Morehouse*, 46 Conn. 300, 304; *Lovell* v. *Hammond Co.*, 66 Conn. 500, 512, 34 Atl. 511; *House Cold Tire Setter Co.* v. *Ingraham*, 83 Conn. 31, 33, 75 Atl. 80; *Viall* v. *Lionel Mfg. Co.*, 90 Conn. 694, 698, 98 Atl. 329; *Brady* v. *Anderson*, 110 Conn. 432, 436, 148 Atl. 365; *Loughridge* v. *Morris*, 68 Okla. 80, 171 Pac. 451; 34 C. J. pp. 823, 836.

In *Ensign* v. *Batterson*, 68 Conn. 298, 36 Atl. 51, the facts were that the defendant had purchased a vacant lot from a savings bank which had acquired

title by foreclosure. Supposing that she had complete title she started to build a house upon the lot. Before it was completed, on October 24th, 1894, the owner of a mortgage upon the lot who had not been included as a party in the foreclosure action appeared and notified her of its existence and of his claims under it. The court held that as the defendant until the time when she had notice of the outstanding mortgage proceeded with the improvements in the belief that she had complete title, the owner of the mortgage could foreclose it only upon condition of compensating her for the improvements she had made before she received that notice, but in proceeding with the improvements thereafter she acted at her own risk. The court, BALDWIN, J., said (pp. 307, 308): "In ordinary cases at the present time, a mortgagee in possession is not thus permitted to profit by improvements made without the acquiescence of the party seeking to redeem; but it is often equitable that he should be, when he acted in the honest, though mistaken, belief that he was the absolute owner, with an unincumbered title. In the Roman law, this equity was deemed so clear, that if the real owner brought suit for the land, while refusing to allow for the added value which the betterments had given it, this was treated as a fraud on his part, which justified the court in rejecting his demand. Dig. 41, 1, *de acquirendo rerum dominio*, 7, § 12. American law, without either imputing fraud, or requiring proof of it, is content with holding it inequitable to allow a man to be enriched under such circumstances by expenditures which another has made, as he supposed, for his own benefit, while acting in good faith and in ignorance of any adverse claim or title. 3 Pomeroy's Equity Jurisprudence, § 1241; 2 Jones on Mortgages, § 1128; *Mickles* v. *Dillaye*, 17 N. Y. 80; *Thomas* v. *Evans*, 105 id. 601, 614, 59 Am. Rep.

519, 12 Northeastern Rep. 571. The decree of the Superior Court therefore rightly took into account the betterments which Mrs. Batterson had placed upon the land. But there was error in including such as were added after her receipt of the letter of August 24th, 1894. That gave her full notice of the plaintiff's lien, and of what he claimed under it. For what she had laid out up to that time in improving the property, and for liabilities already incurred for the same purpose, she had an equitable right to be made good, to the extent of the enhancement of value, in accounting with the plaintiff. But she could not, to prevent waste and loss to herself, should her title prove the better, go forward and incur new expenses, which, in a contrary event, would throw on him any additional burden. To allow that would be to permit her speculate on the chances of a lawsuit, at his risk."

As the trial court in this action pointed out in its memorandum of decision, facts such as those presented in the *Ensign* case and in this afford no basis for a finding of an implied contract obligating the true owner of premises to compensate the occupant for any increment of value due to improvements he has made upon them in the honest belief that he had title; the former did not know that the improvements were being made and the latter had no intention to claim compensation for them from the defendant. *Beers v. Boston & Albany R. Co.,* 67 Conn. 417, 425, 34 Atl. 541; *Gillette's Appeal,* 82 Conn. 500, 502, 74 Atl. 762. The defendant has not disavowed the benefit of the expenditures for interest and taxes made by the plaintiff but is apparently retaining the benefit of them by reason of the reduction thereby made in the amount to which the property would be incumbered. Any right of the plaintiff to recover must be based upon principles involved in the doctrine generally referred

to as that of "unjust enrichment." A right of recovery under that doctrine is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. The right of one who believes himself to be the owner of property to recover of the true owner the amount in which its value has been enhanced by improvements or expenditures the former has made in good faith, has its root in equitable principles of ancient origin. 2 Story, Equity Jurisprudence (12th Ed.) §§ 779a, 1237; *Bright* v. *Boyd,* 1 Story (U. S.) 478, *S. C.,* 2 Story (U. S.) 605. The right to compensation ceases, however, when the occupant of the land has notice of the title of the true owner. *Greene* v. *Biddle,* 21 U. S. (8 Wheat.) 79.

In the instant case the expenditures made by the plaintiff to pay taxes and interest enhanced the value of the property when finally recovered by the defendant because they decreased the incumbrances which would otherwise be upon it. *Bright* v. *Boyd,* 1 Story (U. S.) 478, 498. It does not appear, however, that these expenditures were made under compulsion, to save the property, for example, from being taken under the liens of those incumbrances. In so far as the payments were made before the plaintiff had notice that the defendant claimed the property, he would be entitled to recover them; but if the dates given in the bill of particulars are correct, which is not found, certain of them were made after the defendant filed the answer in the former action, at which time the plaintiff must have known that she was claiming the property. Whether or not he knew this when, shortly before March 4th, 1930, he demanded a conveyance of the property and she refused to make it unless he would pay her $2000 is not found. Lacking a finding

as to the time when the plaintiff had notice of the defendant's claim of title, we cannot determine whether or not any or all of these payments are recoverable.

The payment of insurance premiums is upon a different footing. Had the building been destroyed by a cause within the risk of the policy and had the plaintiff recovered under it, we cannot find any ground upon which the defendant could have claimed the money received. Certainly the existence of the policy did not enhance the value of the property when the defendant finally recovered it. The payment, upon the facts found, was not recoverable.

By the early equitable principles to which we have referred, if the true owner of land sought to recover from the person who had been in wrongful possession the rents and mesne profits, the latter was entitled to set off the amount to which the value of the property had been enhanced by the improvements he had made in the belief that he was the owner. 2 Story, Equity Jurisprudence (12th Ed.) § 799a; *Griswold* v. *Bragg,* 48 Conn. 577, 580. The recognition of a right of action by the occupant of the premises for a recovery based upon improvements he had made necessarily carried with it the right of the true owner to set off against such a recovery the amount to which he would have been entitled had he sought an accounting of rents and mesne profits. *Bright* v. *Boyd,* 1 Story (U. S.) 478, 499. While rent and mesne profit are often spoken of in the decisions as the basis of a recovery in such a case, it is generally agreed that ordinarily the measure of damages is the rental value of the land. *Wallace* v. *Berdell,* 101 N. Y. 13, 16; 19 C. J. p. 1242, § 376. This right as an incident to an action of ejectment has long had statutory recognition

in this State.  General Statutes, § 5034; *Griswold* v. *Bragg,* supra, p. 581.

There are, however, certain limitations as to the extent to which that rental value may be recovered, two of which are applicable in such a situation as the one before us.  One is that where the occupant has been in possession with the consent of the true owner without any intent upon the part of either that rent should be paid, rental value is recoverable only from the time when the holding of the occupant became adverse to the owner.  *Fears* v. *Merrill,* 9 Ark. 559; see *Vandenheuvel* v. *Storrs,* 3 Conn. 203, 208.  Another limitation is that any increase of rental value due to the improvements made to the premises by the occupant is to be disregarded.  *Hodgkins* v. *Price,* 141 Mass. 162, 5 N. E. 502; *Lee* v. *Humphries,* 124 Ga. 539, 540, 52 S. E. 1007; 19 C. J. p. 1242, § 377.  Even if we should consider the date when the plaintiff filed the caveat asserting his title to the land as the beginning of his adverse holding, the finding of the court as to the fair rental value of the premises seems to have been based upon that value as it was after the plaintiff had built the house upon them, and hence it serves no purpose in determining the amount of set-off to which the defendant would be entitled.

The trial court failed correctly to apply the principles we have stated and the finding does not support the judgment.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.