CHARLES B. SCHWEBEL,

*vs.*

ADA M. SHORT SCHWEBEL.

*New Castle, August 25, 1954.*

*Clement C. Wood,* of Young & Wood, Wilmington, for plaintiff.

*J. Rankin Davis,* Wilmington, for defendant.

BRAMHALL, Vice Chancellor: This is an action brought by plaintiff against defendant, praying this court to declare certain property in the name of defendant to be held by the parties as tenants in common, or, in the alternative, to declare the property to be impressed with a lien in favor of the plaintiff for the amounts expended by him on the property.

The parties were formerly husband and wife. Because of difficulties between them defendant instituted divorce proceedings against plaintiff on November 10, 1953, and obtained a decree nisi in the Superior Court of New Castle County on March 11, 1954. The property in question is a farm which was purchased from defendant's aunt in 1936. At the time of settlement the grantor, without consulting either plaintiff or defendant, instructed her counsel to prepare a deed in the name of defendant. The price of the farm was $3,500.00, of which $1,300.00 was provided by defendant. Plaintiff and defendant borrowed $1,200.00 from defendant's mother and the grantor took back a purchase money mortgage in the sum of $1,000.00. Plaintiff contributed nothing towards the purchase other than the execution, along with defendant, of the bond and mortgage.

Plaintiff testified that he and his wife had never discussed the question of how title to this property was to be taken but that he assumed that it was to be in the name of both. Plaintiff admitted that in 1951 at the office of the Register of Wills, New Castle County, he was advised by one of the clerks that the property was in the name of defendant. Defendant and the two daughters of plaintiff and defendant testified that plaintiff has always known that the property was in the name of defendant. After they purchased the property the parties moved and resided there for a period of approximately seventeen years. Plaintiff tilled the farm and made considerable improvements to the property, paying for them largely with the receipts from the farm.

I have no hesitancy in determining that plaintiff did not have any interest in the farm as a tenant by the entireties (which because of the divorce proceedings would now be a tenancy in common). It is undisputed that not only was there no understanding between the parties as to how title was to be made out but it is also true that plaintiff at the time of settlement paid absolutely nothing on the purchase price. True, the grantor of her own volition had the deed made out to defendant, stating that because of the fact that she had sold the farm and a great deal of personal property for much less than it was worth, she wished to see that defendant's interests were protected. Nevertheless, the weight of the evidence discloses

that plaintiff knew that the property was in the name of his wife. He admits that he was informed in 1951 that the property was in his wife's name. Knowing that the property was held in his wife's name, plaintiff took no action until the institution of divorce proceedings against him. The fact that plaintiff was in possession of his wife's land and made improvements out of the proceeds of the profits gives him no interest in the title. *McCallister v. McCallister*, 342 *Ill.* 231, 173 *N.E.* 745, 74 *A.L.R.* 213. Unquestionably, the evidence is too vague and uncertain for me to determine that title was to be taken in the name of the plaintiff and defendant as tenants by the entireties.

The second question, namely, whether or not a lien should be impressed upon the property in favor of plaintiff, must also be resolved in favor of defendant. Plaintiff and defendant were husband and wife. Any advances made by the husband for the property of the wife would be presumed to be a gift. The evidence offered does not satisfactorily rebut that presumption. Plaintiff tilled the farm and made considerable improvements thereon, mostly with the proceeds from the farm. Defendant helped to a considerable extent in the operation of the farm. It was the duty of plaintiff to support his wife and two children. He did this for a number of years out of monies received from the operation of the farm.

It is the contention of plaintiff that he, having mistakenly considered the property to be in the name of himself and wife and having made considerable expenditures in the improvement of the farm, is entitled to have a lien impressed thereon for the cost of these improvements. This is a question of first impression in this State. The opinions of the courts of other states are not in agreement. I do not consider it necessary, however, for me here to determine this question. In the first place, I have held that plaintiff knew for a number of years that the property was in the name of defendant and took no action until the institution by defendant of divorce proceedings against him. In the second place, even if I should decide that plaintiff is correct in his legal conclusion, plaintiff still could not recover because his mistaken belief in his ownership was so utterly without foundation as to constitute little more than an assumption on his part. Even under the decisions relied upon by plaintiff one cannot recover

for improvements made under a mistaken belief of ownership when there is nothing in the relationship which would warrant a reasonable person in entertaining such belief. Plaintiff put nothing in the property at the time of purchase. There was no understanding at that time between the parties that title was to be taken in the name of both. Any understanding which plaintiff may have had that the property was in the name of both was therefore an unwarranted assumption.

Plaintiff cites the case of *Schleicher v. Schleicher,* 120 *Conn.* 528, 182 *A.* 162, 104 *A.L.R.* 572. In that case plaintiff purchased a tract of land, causing the deed to be made in the name of his wife. Thereafter he constructed a dwelling house with monies contributed by both himself and his wife. Upon completion of the house his wife refused to live with him there. After proceedings to have the property declared to belong to plaintiff had been decided against him, plaintiff brought an action to recover for sums expended for taxes, interest, insurance, and repairs. These expenditures were for a period after the wife had refused to live with plaintiff on the premises, during which time plaintiff honestly believed himself to be the owner of the premises. The items allowed, that is, taxes, mortgage interest, etc., were for items affecting defendant's interest in the property, since, if they had not been paid, defendant's interest therein would have been affected to that extent. Here, the items for which plaintiff prays for a lien to be impressed were for expenditures of plaintiff while the plaintiff and defendant were residing together as husband and wife for the operation of the farm by plaintiff and for the maintenance and improvement of their home. Plaintiff knew about defendant's ownership. Plaintiff operated the farm for the support of himself and family, with the assistance of defendant, for a period of 17 years. The expenditures which he made were of his own volition and, to a large extent, for his own benefit.

I conclude that judgment should be entered for defendant.

Order on notice in accordance with this opinion.