The plaintiffs, Restaurant Associates, Inc., and Paul Emmett, brought this action against the defendants, Marsh, C.R. E. Corporation (CR E) and various liquor wholesalers, seeking reimbursement for sums they paid to the wholesalers for debts owed to them by Marsh and CR E. Shortly after the plaintiffs had acquired the *Page 461 
restaurant from the defendants CR E and Marsh, the wholesalers, as required by statute,[2] notified the state liquor control commission that CR E had left outstanding bills for liquor delivered to the restaurant.
After finding the plaintiffs responsible for their predecessor's debts, the liquor control commission "posted" the plaintiffs. "Posting" precludes a party with an outstanding liquor bill from purchasing liquor from any wholesaler until the debt is paid. Because it only had on hand a three week supply of liquor to service its newly opened restaurant, the plaintiffs paid, under protest, the outstanding debts owed to the wholesalers. They then filed this action seeking reimbursement of the allegedly "coerced" payments. The trial court rejected the special defenses pleaded by the defendants and rendered judgment for the plaintiffs. The liquor wholesalers, against whom judgment was rendered, have appealed.
The trial court concurred with the plaintiffs' contention that the commission was without authority to post them for the failure to pay the debts of their predecessor. The defendant wholesalers argue that the court did not have jurisdiction to hear this matter as presented because the plaintiffs failed to exhaust their administrative remedies by appealing the decision of the commission under General Statutes 4-183 or by bringing an action for declaratory judgment.
General Statutes 30-6, which outlines the powers and duties of the liquor control commission, empowers the commission "to do whatever is reasonably necessary . . ."to implement the legislative intent *Page 462 
which forms the basis of the Liquor Control Act: the establishment of an agency to license, control and regulate the manufacture, distribution and sale of intoxicating liquor. Downer v. Liquor Control Commission, 134 Conn. 555, 556,59 A.2d 290 (1948); Wolk v. Liquor Control Commission,15 Conn. Sup. 410, 411 (1948). Neither the purpose nor the wording of the Liquor Control Act authorizes the commission to require that the plaintiffs satisfy the outstanding liquor debt of their predecessor.
The plaintiffs did not agree to assume the debts of the defendants Marsh and CRE; therefore, the commission could not impose upon the plaintiffs the obligation to pay the outstanding debts. An administrative body must act lawfully within statutory and constitutional limits. Page v. Welfare Commissioner, 170 Conn. 258, 262,365 A.2d 1118 (1976); Fusco-Amatruda Co. v. Tax Commissioner,168 Conn. 597, 604, 362 A.2d 847 (1975). The commission was not lawfully empowered to post the plaintiffs for not paying the debts of another.
Since the commission had no authority to post the premises of the plaintiffs, it had no jurisdiction in this matter. The plaintiffs thus were justified in bringing this action and the court had authority to take jurisdiction. The defendants' claim that the plaintiffs failed to exhaust their administrative remedies is without basis.
The next significant claim of the defendants is that the court failed to find that the transfer from Marsh and CR E to the plaintiffs was a sale within the definition of the Uniform Commercial Code — Bulk Transfers. General Statutes 42a-6-101
through 42a-6-110a.
The plaintiffs purchased the liquor and wine stock of the defendants Marsh and CR E which remained on the restaurant premises at the time the plaintiffs *Page 463 
assumed control of the premises. General Statutes 42a-6-102 (1) defines a bulk transfer as "any transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory . . . of an enterprise subject to this article." Section 42a-6-102 (3) defines the enterprises subject to the Bulk Transfer Act as "all those whose principal business is the sale of merchandise from stock, including those who manufacture what they sell." The official comments published in conjunction with the Uniform Commercial Code expressly state that enterprises, the principal business of which is the sale of services such as restaurants, are excluded from this article. The court, therefore, was correct in ruling that the Uniform Commercial Code — Bulk Transfer Act did not apply to this transaction.
The court also found that the defendant wholesalers were unjustly enriched by the payments they received from the plaintiffs. We agree. The doctrine of unjust enrichment is based upon the principle that one should not be permitted unjustly to enrich himself at the expense of another. Franks v. Lockwood, 146 Conn. 273, 278,150 A.2d 215 (1959). A right of recovery under that doctrine is essentially equitable on the basis that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. Connecticut National Bank v. Chapman, 153 Conn. 393, 399, 216 A.2d 814
(1966); Schleicher v. Schleicher, 120 Conn. 528,534, 182 A. 162 (1935). The facts are that the defendant wholesalers received payments from the plaintiffs for liquor already paid for by the plaintiffs to the defendants Marsh and CR E. The basis for the payments was the illegal ruling of the commission which posted the plaintiffs as a result of the defendant wholesalers' complaint. Because the plaintiffs needed liquor supplies to keep the restaurant operating, they were *Page 464 
forced to make, under protest, payments for the debts of the defendants Marsh and CR E to the defendant wholesalers. The defendant wholesalers were, there fore, unjustly enriched.
The defendants further claim that the court erred in concluding that the transfer was not fraudulent, and in concluding that only a portion of the liquor was transferred for the consideration paid. The testimony presented was conflicting, but the court had the opportunity to view the witnesses and to pass upon their credibility. An appellate court cannot retry the facts or substitute its judgment for that of the trier. Arbour v. McCullough, 186 Conn. 280,285-86, 440 A.2d 980 (1982); Johnson v. Flammia,169 Conn. 491, 497, 363 A.2d 1048 (1975). The facts reviewed as presented lead us to conclude that the court could reasonably find as it did.
 There is no error.
In this opinion DALY and SPADA, Js., concurred.