[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the plaintiff and the defendant which occurred on October 23, 1970 ended in dissolution on December 7, 1987. In accordance with the judgment, which incorporated the provisions of their November 23, 1987 separation agreement, the plaintiff transferred all her interest in the parties' jointly owned property at 1072-1074 Campbell Avenue, West Haven, Connecticut to the defendant. Pursuant to the judgment and agreement, the defendant transferred to the plaintiff all his interest in the jointly owned property at 19 Ansonia Road, Woodbridge, Connecticut. CT Page 4362
On December 7, 1987, the defendant filed with the court a financial affidavit signed and sworn to by him on November 23, 1987. In the affidavit, the defendant did not disclose the existence of an encumbrance on the 19 Ansonia Road, Woodbridge property evidencing a debt to Robert Sterling, principal of the Dependable Insurance Company in addition to the two existing mortgages on the property which were disclosed. The debt to Sterling arose from a bond premium and indemnity agreement dated January 13, 1987 in connection with a criminal case involving the defendant.
The plaintiff — as well as the court hearing the dissolution — relied on the representations made in defendant's financial affidavit filed pursuant to the requirements of 463 of the Connecticut Practice Book. The plaintiff would not have accepted the terms of the separation agreement had she known that the additional $6,000 liability existed and was an encumbrance on the property which she agreed to accept. Plaintiff first learned of the lien on March 21, 1989, at the closing with respect to sale of her property. At that time, in order to obtain a release of the lien and perform her obligations in connection with the sale, she was required to pay the bond obligation of $6,000. She did pay the debt which the defendant, in his answer to plaintiff's complaint, admits was owing.
In State v. Alphonse DelSanto, CR-268236 in which the defendant was acquitted, it was determined that the defendant was suffering from mental disease or defect on December 26, 1986. He was hospitalized for mental difficulties in February, 1987. He did not remember specifically at the time of trial the indemnity agreement as one of the documents which he signed upon his release from jail on January 13, 1987. From January 13, 1987 to November 23 1987, the defendant was incarcerated or hospitalized for substantial periods of time. No conservator was ever appointed for defendant during 1986 or 1987. The separation agreement was read to him by his attorney before signing and he understood the terms. He hired Attorney Ira Grudberg to represent him in the dissolution action and authorized him to act on his behalf. Attorney Grudberg took defendant's oath on the financial affidavit.
Paragraph five of the separation agreement provides that: "With the exception of the debts listed herein, the parties' other debts are listed on their respective financial affidavits." No debts were listed by the defendant either in his financial affidavit or in the agreement. The agreement provided further that ". . . each shall pay any and all debts that each shall incur from the date of this Agreement forward . . . nor will the other party be responsible for any such debts or obligations of any nature CT Page 4363 whatsoever."
On April 28, 1989, the plaintiff filed with the Superior Court, in the parties' dissolution action a Rule to Show Cause Whether Defendant is in Contempt of Judgment or Whether Judgment Should be Opened or Modified. On June 12, 1989, the following order was entered by the court, (Freedman, J.): "By agreement of the parties, this motion is to be treated as a motion to reopen based on fraud. Court, after hearing, finds no fraud and the motion is denied."
The plaintiff brought this action in three counts. The first is based on a theory of unjust enrichment; the second, on fraudulent misrepresentation; and the third, based on defendant's promise in the the November 23, 1987 separation agreement to pay all his debts. The defendant has filed two special defenses alleging (1) that plaintiff was legally responsible to be aware of all encumbrances shown on the Woodbridge Land Records; and (2) as of the time that defendant "created any purported obligation to Dependable Insurance Company, he was insane and not in his right mind."
First Count: Unjust Enrichment
"The doctrine of unjust enrichment has been described as a doctrine "which is so broad as to include almost any case in which unfair dealing appears and so vague as to give no help in solving cases as they arise." 3 Page, Contract (2d Ed.) 1503, p. 2567; see Fischer v. Kennedy, 106 Conn. 484, 498 (dis), 138 A. 503. It applies `wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.' 5 Williston, Contracts (Rev. Ed.) 1479. `A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215; Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162.' Connecticut National Bank v. Chapman, 153 Conn. 393, 399,216 A.2d 814. With no other test than what under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard." Cecio Brothers v. Greenwich, 156 Conn. 561, 564-5
(1968).
"There is nothing in the public policy of this State which forbids a husband from bringing an action against his wife to adjust property rights between them, particularly after they have CT Page 4364 separated." Schleicher v. Schleicher, 120 Conn. 528, 530 (1935). The right of recovery is pursuant to the doctrine of unjust enrichment.
The measure of recovery focuses on the benefit to the defendant rather than on the loss to the plaintiff. The damages should be the benefit received. Franks v. Lockwood, 146 Conn. 273,278 (1959).
In this case, that the defendant was enriched is obvious. The plaintiff, who took title to the Ansonia Road property without knowing of the $6,000 encumbrance, was required to pay that debt of the defendant in order to protect her interests and meet her contractual obligations. Under the facts proved, the enrichment was unjust, and was secured by virtue of the defendant's incorrect and deficient affidavit submitted to the court. Balancing all the equities in this case, the court concludes that all the elements of the cause of action for unjust enrichment have been satisfied. Burns v. Koellmer, 11 Conn. App. 375 (1987). Under this count, the plaintiff is entitled to recover the $6,000 paid. Montanaro Brothers Builders, Inc. v. Snow, 4 Conn. app. 36 (1985).
Second Count: Fraudulent Misrepresentation
Fraud is not to be presumed but must be proven by clear and satisfactory evidence. Miller v. Appleby, 183 Conn. 51 (1981). The essential elements of an action in fraud are (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it: (3) that is was made to induce the other party to act on it; and (4) that the latter did so act to his injury. Miller, supra, at 54-55; Gelinas v. Gelinas, 10 Conn. App. 167 (1987). The plaintiff did not prove the second element of the four-prong fraud test.
For that reason, the plaintiff cannot recover on the Second Count.
Third Count: Separation Agreement
Neither party has briefed this issue. Consequently, the court considers it abandoned. In any event, the factual situation presented by the evidence does not permit recovery based on the judgment and the language of the separation agreement.
Special Defenses:
The defendant has pleaded two special defenses. Neither have been proven by the credible evidence presented in this case. The plaintiff was entitled to rely on the representations in the financial affidavit. That the land records were available for CT Page 4365 checking by plaintiff or her attorney does not discharge defendant from his responsibility to report truthfully and accurately the extent of his assets and liabilities to the court and to plaintiff. Whatever safeguards may have been available to the plaintiff do not negate the fact that defendant has been enriched unjustly by virtue of the payment of the defendant's obligation. The claim of mistake does not eliminate defendant's obligation or the fact of unjust enrichment by virtue of the debt payment. There is no evidence that either plaintiff or the court was apprised that defendant's affidavit had "limited value" or that his mental status on November 23, 1987 or December 2, 1987 was "diminished" or that his affidavit may have contained "mistakes" or "potential inaccuracies".
The second special defense, namely, alleged insanity at the time he created an obligation to the Dependable Insurance Company, has not been proven and has no merit in light of the defendant's that the amount was owed.
The defendant has cited the case of Cocco v. Glennon,13 Conn. Sup. 471 (1946) as an analogous situation in which the court balanced the equities and denied an unjust enrichment claim. That case has no bearing on the present situation. Defendant's claim of insanity at the time of making the indemnity agreement has not been established by the evidence, as noted above. Further, no conservator was ever appointed for defendant nor was there evidence that the defendant ever sought to set aside the agreement with Dependable by claiming that it was invalid. Defendant has admitted owing the debt. The Cocco case is inapposite.
For the foregoing reasons, judgment is entered in favor of plaintiff in the amount of $6,000.
BARRY R. SCHALLER, JUDGE