[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
The plaintiffs, Keith H. Connors and Sherry Connors have made application for a prejudgment remedy against the defendants, David R. Wilcox, David R. Wilcox, Jr. and Wilcox Trucking, Inc. to secure a judgment which may be obtained against those defendants in this action in which the plaintiffs seek damages based on the defendant's unjust enrichment by virtue of their use of the plaintiff's backyard as a site on which to dump approximately 15,000 cubic yards of construction debris. The complaint also contains a count which alleges that the actions of the defendants constituted unfair, deceptive and unscrupulous practices within the meaning of §§ 42-100a et seq. of the Connecticut General Statutes, the Connecticut Unfair Trade Practices Act (CUTPA).
After a hearing on the Application, the court finds as follows. Prior to 1989 Keith Connors and David R. Wilcox, Jr. were friends, having become acquainted during their service in the Connecticut National Guard. At all times relevant hereto, Connors was employed at Pratt Whitney and Wilcox, Jr. was self employed as a contractor. In late 1989 Wilcox Jr. and Connors agreed that Connors would allow Wilcox Jr. to deposit "clean fill" in Connors' back yard and in exchange, Wilcox Jr. agreed to provide Connors with a levelly graded and seeded back yard. CT Page 7234
In 1990 Wilcox Jr. dumped certain amounts of construction debris and Wilcox Trucking, Inc. began dumping large amounts of construction debris in the Connors' backyard. David R. Wilcox, the father of Wilcox Jr. was the president and held a controlling interest in Wilcox Trucking, Inc. The debris deposited in the backyard was not "clean fill" as the Connors and their expert witness understood that term. It contained large concrete slabs, iron pipes and asbestos removal bags. The Connors believed that dirt would be deposited in their back yard, and instead, they saw their backyard turned into a construction debris landfill.
Not surprisingly, the town of Suffield, the Connecticut Department of Environmental Protection, and the Connors' neighbors strongly protested the dumping of construction debris in the residential area. The town of Suffield ultimately ordered that the dumping cease. Wilcox and/or Wilcox Trucking, Inc. attended several town meetings concerning the dumping and eventually persuaded the town to allow the dumping to continue. After transforming their backyard into a construction landfill, Wilcox and Wilcox Jr. represented to the Connors that they would return and cover the debris with dirt, and grade and seed the yard, in accordance with the original promise of Wilcox Jr. But once the dumping had ceased, none of the defendants ever returned to the Connors' property.
At the hearing on the prejudgment remedy application an expert witness testified on behalf of the plaintiffs that construction debris of the type dumped in the Connors' backyard typically costs fifteen to twenty dollars per cubic yard to dispose of at an approved landfill. He further testified that there are very few such landfills in Connecticut.
Wilcox admitted that Wilcox Trucking, Inc. was being paid to remove the debris which it ultimately dumped in the Connors' backyard.
The court finds that there is probable cause to sustain the plaintiffs' claim for unjust enrichment as to Wilcox Trucking, Inc. It deposited approximately 15,000 cubic yards of debris for free, rather than paying the customary rate of fifteen to twenty dollars per cubic yard.
The Court in Polverari v. Peatt, 29 Conn. App. 191, 200-201,614 A.2d 484 (1992) stated: CT Page 7235
 "The right of recovery for unjust enrichment is equitable, `its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff.' Schleichler v. Schleichler, 120 Conn. 528, 534, 182 A.2d 162 (1935)." National CSS, Inc. v. Stamford, 195 Conn. 587, 597, 489 A.2d 1034 (1985). Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564, 244 A.2d 404 (1968). Plaintiffs seeking recovery for unjust enrichment must prove "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13, 507 A.2d 129 (1986).
The court further finds that the plaintiffs have established probable cause to sustain their cause of action for violation of CUTPA against David R. Wilcox, Jr., and David R. Wilcox. In the course of their business Wilcox Jr. and Wilcox repeatedly made misrepresentations to the Connors in order to induce them to allow their yard to be used as a construction landfill or to continue to serve as such.
Based on the foregoing the plaintiffs may attach the goods or estate of David R. Wilcox, David R. Wilcox, Jr. and Wilcox Trucking, Inc. in the amount of $250,000.
By the Court,
Aurigemma, J.