[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT KAZIMIERZ RODZIEWICZ'SMOTION FOR SUMMARY JUDGMENT
The defendant Kazimierz Rodziewicz is the father of the defendant Walter Rodziewicz. In October of 1987 the son signed a credit information and agreement with the plaintiff which listed both father and son as officers of R K Sheet Metal. In late 1993 father and son decided to pursue separate business interests according to the defendant father. In January 1994 the son signed a new credit information and agreement under the name Central Connecticut Sheet Metal; he indicated he was the sole owner/president of the business. In April 1994 the son was injured and from then through October 1994 the father claims he helped the son wind up his business.
The plaintiff has sued the defendant father claiming that CT Page 10076 from April to September 1994 both the son doing business as Central Connecticut Sheet Metal and the father doing business as R K Sheet Metal received and failed to pay for merchandise from the plaintiff. The plaintiff also alleges that both defendants were given merchandise and by accepting it were unjustly enriched. The defendant father has filed this motion for summary judgment.
In the third count the plaintiff does sue on an implied contract theory. Several paragraphs of the affidavit submitted by the plaintiff, especially paragraphs 4, 6, 7 and would support such a theory and the answers provided by the plaintiff in the request I for admissions don't preclude the plaintiff's claim at least in its entirety. I don't believe can use the vehicle of a motion for summary judgment to hold part of the claim is supportable and then indicate a specific monetary amount less than the full amount sued for by the plaintiff. Even though the invoices were billed to Central Connecticut Sheet Metal the plaintiff's president in his affidavit says the father indicated to him that some of the material so billed was being used by the father on his own jobs. I don't see how I can resolve these disputed factual issues by means of the defendant's motion for summary judgment. The doctrines of implied contract and unjust enrichment are set forth in Schleicher v. Schleicher, 120 Conn. 528,534 (1935); Polverari v. Pecett, 29 Conn. App. 191, 200
(1992).
The defendant also argues that even if the facts here could be construed to support the plaintiff's claim our law concerning partnership liability upon dissolution of the partnership would defeat any claim against the father. Section 34-74(3) does provide that "where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature of time of payment of such obligations." Father and son agreed to terminate the partnership and the son Walter was to continue in business by himself as Central Connecticut Sheet Metal. This was made known to the plaintiff by the filing of a new credit application by the son Walter which was to take effect in January 1994. Only the son's assets and credit were disclosed and accepted as the basis for extending goods on credit to the new sole proprietorship, Central Connecticut Sheet Metal. But the goods delivered here for which payment from the father is sought CT Page 10077 concerned items delivered by the plaintiff between April and September 1994. The claim as I understand it does not involve debts incurred by the old partnership before it was dissolved. Given the unjust enrichment allegations in the affidavit submitted by the plaintiff query whether § 34-74(3) can be used to bar a claim for goods which in part were delivered for the father's benefit after the original partnership was dissolved?
Even if the above misses the point the defendant is trying to make how I conclude the statutory requirements of § 37-74(3) have been met — from this record how can I determine thatall as opposed to a portion of the debt of R K Sheet Metal was assumed by the son?
The motion for summary judgment is denied.
Thomas Corradino, Judge