[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This decision results from an unfortunate family dispute, as a result of which five sibling were before the court asserting conflicting claims as to their ownership and interest in a piece of real property.
The real property located in East Lyme was sold at public auction by court order. An escrow account was created by the retention of $126,000 from the proceeds of the sale as part of an agreement of all parties to submit all the remaining items in dispute to the court for binding arbitration.
The court having heard the parties makes the following awards:
 I As to additional expenditures for repairs
The major issue before the court involves the claim of Betty Lou Berger for a 20% contribution from each of Katherine McBride and K. Buol Heslin, each contribution amounting to $16,616.74. CT Page 8411
These sums represent each of the then co-owner's shares of expenditures made by Mrs. Berger for repairs and improvements to the real property after it suffered extensive water damage in 1996. The total in question was in excess of the payment made by the insurance carrier.
Mrs. McBride and Dr. Heslin have refused to make the payments, claiming they never authorized the expenditure nor agreed to pay it. In fact, Mrs. Berger stated, referring to Dr. Heslin, "He never authorized me to spend extra money, but he never asked questions or expressed concerns over the work." In Exhibit 5, a letter to Mrs. Berger dated June 28, 1999, Dr. Heslin says: "The improvements were at your own risk." "If you were incline (sic) to make improvements above and beyond the insurance settlement you should have purchased my interest prior to making the improvements." By the time this letter was written, however, the friction which eventually created the present lawsuit had appeared.
While the court is troubled by the absence of authority, these particular circumstances require consideration of equitable principles. The property was just sold for close to a million dollars. These repairs were concluded in 1999. The sales price was well in excess of the court appraisal and of the value placed on the property by Dr. Heslin when he offered to buy out or be bought out. He valued a one fifth interest at $140,000 in late 1999.
The property was evaluated at $432,000 to $435,000 before the repairs and improvements which were concluded in mid 1999.
From these facts, the court concludes that the property value was enhanced by the additional expenditures made by Mrs. Berger. This had the effect of benefitting all five owners, including Dr. Heslin and despite the fact that he was the successful bidder.
In charging Mrs. McBride and Dr. Heslin, the court notes that the contractor involved was their choice, they were aware of the project, Dr. Heslin was involved to the point of participating in the garage site selection and at no time before November of 1999, was a written denunciation delivered to Mrs. Berger.
It may well be that these parties expected a buy out of one group by the other so that this would all become academic and thus, no one anticipated what could and did come to pass. To deny recovery would be to sanction unjust enrichment, ". . . it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff," National CSS, Inc. v. Stamford,195 Conn. 587, 597 (1985), citing Schleicher v. Schleicher, 120 Conn. 528,534 (1935). CT Page 8412
The court therefore awards Betty Lou Berger $16,616.74 against Katherine McBride and K. Buol Heslin.
 II Claims for loss of use
For many years, the five co-owners operated under a loose arrangement whereby one who wished to use the property would reserve it by calling Mrs. Berger. There was no defined schedule and apparently no "accounting" or "rounding of" to equalize use or give credits to non-users.
To attempt to evaluate these usages or the lack thereof at this point would be impossible. The parties don't agree on the amount of use available, the occupants, the times, etc. and there are no records. Many of the grievances in this area are of recent vintage.
This is not an item on which an award can be made on the basis of what the court has heard.
 III Claims of N. Buol Heslin
This claimant purchased the premises in October of 2000. Certain adjustments were properly made at the closing and these items are charges to all the co-owners for which he is entitled to a credit of 20% from each of the other co-owners. These include:
Taxes $1,970.64
Association taxes 235.00
Sewer use charge 207.26
He is entitled to the same credit for lawn care prior to the closing of $105.00.
The court heard no evidence to support charging the co-owners for the architect and landscaper, charges incurred in 1999.
 IV Claims of Betty Lou Berger for Overdue Charges
CT Page 8413
This claimant seeks payment of overdue "general expenses" from Katherine McBride and N. Buol Heslin. Various objections have been heard, not the least of which is directed at the claim for 2000, during which time both of these parties were apparently excluded from the premises. Reviewing the testimony on these items from all sources, it is concluded that the claims against both parties for the year 2000 is the amount of $861.66 should be disallowed.
Further, Betty Lou Berger is awarded the sum of $5,116.61 as to Mrs. McBride, and the sum of $3,638.16 as to N. Buol Heslin.
 CONCLUSION
In coming to the decisions outlined above the court has attempted to evaluate all of the evidence submitted in an equitable fashion. It is noted, however, that some disputed items are impossible of resolution because of conflicting versions. Further complicating the process is the fact that for any years, the parties dealt informally with one another and acquiesced in areas in which they now express disagreement.
Anthony V. DeMayo, Judge Trial Referee