[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
In a four count complaint, the plaintiff seeks to recover from the defendant for services rendered. The first count sounds in quantum meruit, the second in unjust enrichment, the third count alleges negligent misrepresentation, and the final count is a CUTPA claim.
The dispute arose out of conversations and meetings between Jonathan Lecker, president of the plaintiff corporation, and Carlo Moyano, president of the defendant corporation, in May, 2001, with Mr. Moyano first contacting Mr. Lecker. He expressed an interest in retaining the plaintiff to act as a sales representative for the defendant in obtaining contracts with Sikorsky Aircraft.
Though the defendant presented the plaintiff with an employment contract, that contract was not accepted by the plaintiff. A counter proposal was not accepted by the defendant.
The subject matter of the suit therefore is the time that Lecker allegedly spent on behalf of the defendant's business. In his testimony, Mr. Lecker said he felt he had an agreement with the defendant the night before they both attended the meeting with Sikorsky and that the changes he wanted would be put into the agreement.
Mr. Moyano stated that no agreement was reached on the night before the meeting at Sikorsky and that Mr. Lecker insisted that he, Lecker, attend.
 DISCUSSION I.
The mailing by the plaintiff to the defendant of what must be considered a counterproposal precludes any finding that an agreement was CT Page 6579 consummated between the parties, Mr. Lecker' s impression notwithstanding.
 II.
A. Turning next to the claims of quantum meruit and unjust enrichment, the plaintiff claims he should be reimbursed for 15 3/4 hours at the rate of $250 per hour, for a total of $3,937.50.
The court finds scant justification for this computation. Seven hours of the total was spent by Lecker driving into New York, meeting over dinner with Moyano, and driving back to Connecticut. A possible employment relationship was a topic of discussion and commission rates were discussed. Moyano testified that he expressed to Lecker his concerns over his "manner."
No memorandum of argument memorialized this meeting, nor the intent of the parties for the next day's Sikorsky meeting. While Lecker described the Sikorsky meeting as lasting from 1:00 P.M. through the afternoon, Moyano recalled a two hour meeting, starting at 9:00 A.M. His recall of that starting time was vivid because he had to take a train from New York at 4:15 A.M. to be in Stratford on time.
A reading of Exhibit D, accompanying the plaintiff's invoice, reflects that at the New York dinner meeting, the employment contract was discussed. It does not mention preparation for the next day.
Apparently, any time spent by Lecker after the Sikorsky meeting was in discussion about the plaintiff-defendant relationship.
With the hours and the use to which the hours were put in dispute, the court is left to speculate. Certainly, no award in quantum meruit can be based on time devoted to negotiating a potential contract. The plaintiff has not proven the value of what services were rendered.
B. Turning to the unjust enrichment count, the court refers to the case cited by the defendant in closing argument.
 "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215 [1959]; Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162 [1935]. Connecticut National Bank v. Chapman, CT Page 6580 153 Conn. 393, 399, 216 A.2d 814 [1966]; Meaney v. Connecticut Hospital Assn., Inc., 250 Conn. 500, 511
(1999).
The defendant's president testified that to date, his company has received no business form Sikorsky, so no actual monetary benefit has been shown. The plaintiff has not proved it conferred "a substantial benefit" upon the defendant as alleged in the second count. The plaintiff did not make a presentation on behalf of the defendant and at trial, he did not elaborate upon his efforts at the Sikorsky meeting.
Coupled with the inability to ascertain the extent and thus the value of the services claimed to have been performed, this claim must fail.
 III.
The count alleging negligent misrepresentation must be rejected out of hand. Though it was alleged, not even Mr. Lecker claimed that he "organized" the Sikorsky meeting. The plaintiff produced no evidence that it "initiated" that meeting, also alleged.
In short, the most that can be said for the plaintiff is that, as he put it, he thought they had a deal and his changes would be put into the agreement.
 IV.
In view of the conclusions recited above, the CUTPA claim must be denied.
 CONCLUSION
Judgment may enter for the defendant on all counts.
Anthony V. DeMayo, J.T.R.