The plaintiff brought this suit to recover the balance of the basic reparations benefits claimed to be due her from the defendant, her automobile liability insurer, under the no-fault motor vehicle insurance provisions of her policy. See General Statutes 38-319 through 38-351a. The defendant filed special defenses claiming (1) that the plaintiff had received workers' compensation benefits exceeding the maximum amount ($5000) of basic reparations benefits payable under General Statutes 38-320 (d); and (2) that the plaintiffs suit, which was brought more than three years after the motor vehicle accident involved, was barred by General Statutes 38-335, which makes the two year limitation contained in General Statutes 52-584
and 52-555 applicable to such a contractual action. The defendant also filed a counterclaim for the $936 which it had paid to the plaintiff as basic reparations benefits prior to the workers' compensation award. Upon motions for summary judgment made by each party, the trial court decided the issues on both the complaint and the counterclaim in favor of the defendant and awarded it $936 damages. The plaintiff has appealed.
It appears from the plaintiff's brief that she no longer contests the judgment against her on the complaint, because she concedes that her action, despite its contractual nature, is barred by the two year statute of limitations imposed by General Statutes 38-335.[1] The only remaining subject of the appeal is the judgment on the counterclaim allowing the defendant to recoup the payments it had previously made to the plaintiff. *Page 320 
There are no disputed issues of fact. The plaintiff was severely injured in an automobile accident on October 16, 1976, when the car in which she was riding as a passenger of Jeffrey Bobeck was struck by a vehicle operated by an uninsured motorist. She made a claim for workers' compensation against her employer and received an award of $25,250.07 on November 29, 1979. She also asserted a claim against the uninsured motorist under the provisions of three policies, her own policy with the defendant, her mother's policy with the Maryland Casualty Company and Jeffrey Bobeck's policy with Firemen's Fund. The arbitrator of these uninsured motorist claims found liability in favor of the plaintiff and determined her damages for personal injuries to be $95,000. Each of the three uninsured motorist coverages provided for a maximum liability of $20,000. The carrier for Jeffrey Bobeck paid this amount in full to the plaintiff. The other two carriers, Maryland Casualty and the defendant, sought a deduction of some part of the workers' compensation award which the plaintiff had received, and the matter was submitted to arbitration. The arbitrator allowed a deduction of one-third of the $25,250.07 received as workers' compensation to be deducted by each of these carriers from the $20,000 payable by each.[2] It appears that the plaintiff has now received payments of $69,352.69 from all of those sources, including the $936 paid by the defendant as basic reparations benefits. The difference between these payments and the amount of damages which the arbitrator found the plaintiff had sustained is $25,647.31. *Page 321 
General Statutes 38-333 (c) provides that "[i]n determining the amount of basic reparations benefits payable . . . any amount paid or payable by virtue of any workers' compensation law . . . shall be deducted from the amount otherwise payable." The basic reparations endorsement of the insurance policy issued to the plaintiff reflected this statutory provision. The trial court concluded that to allow the plaintiff to retain the $936 received from the defendant prior to the workers' compensation award, which far exceeded the statutory maximum for basic reparations benefits, would unjustly enrich her at the expense of the defendant.
The plaintiff contends that she was not unjustly enriched because despite her retention of the $936 paid by the defendant, she will still be in a position where she has not been fully compensated for her injuries. She also maintains that the defendant, which has already received a deduction of $8416.69 from its $20,200 uninsured motorist liability by virtue of the deduction of one-third of the workers' compensation award as allowed by the arbitrator, will now profit further at her expense by having the benefit of a further deduction for the same award.
The argument of the plaintiff, that until she has been fully compensated for the damages sustained in the accident it is not unjust for her to retain the amount of basic reparations benefits received, cannot prevail against the design of the no-fault motor vehicle insurance statutes, which is to keep the cost of this mandatory coverage as low as possible by minimizing the amount of the net benefits ultimately paid out. See Hartford Accident Indemnity Co. v. Holder, 37 Conn. Sup. 723
(1981). General Statutes 38-333 (c), which allows workers' compensation benefits to be deducted from basic reparations payments otherwise due, makes no exception for situations where the amount of damages as calculated in a recovery *Page 322 
against a tortfeasor exceeds the compensation received. Similarly, the provisions of General Statutes 38-325 (b) and (c), for reimbursement of basic reparations benefits out of the recovery against a tortfeasor, contain no such exception. We must assume that such a common occurrence as an award of damages exceeding the insurance coverage or other resources available for payment was within the contemplation of the legislature when those statutes were enacted. See Bailey v. Mars,138 Conn. 593, 598, 87 A.2d 388 (1952); Granniss v. Weber, 107 Conn. 622, 629-30, 141 A. 877 (1928).
The fact that the defendant has already had the benefit of a reduction of $8416.69 in its uninsured motorist liability by virtue of the workers' compensation award also creates no inequity which the law does not sanction. Section 38-175a-6 (d)(2) of the Regulations of Connecticut State Agencies, issued by the insurance commissioner as authorized by General Statutes 38-175a, allows the uninsured motorist endorsement to provide for the reduction of the carrier's liability under such coverage to the extent that damages have been paid or are payable under any workers' compensation law. Subparagraph (3) of this regulation also permits a policy to provide that any basic reparations benefits paid to the insured will also reduce the carrier's obligation under the uninsured motorist coverage. These provisions indicate that the regulatory authorities see nothing inequitable in permitting a carrier to reduce its uninsured motorist liability by both workers' compensation and basic reparations payments. They also signify that it was never intended that basic reparations and uninsured motorists benefits should be supplementary, since payment of one reduces the other pro tanto.
The plaintiff maintains that the only purpose of enacting these provisions was to prevent a "double recovery" by a beneficiary where the total amount of *Page 323 
compensation received might otherwise exceed the actual amount of the loss, an objective which would not be defeated by allowing her to retain all of the money she has received, a sum far less than the damages she sustained. We cannot assume that prevention of a "double recovery" was the sole purpose which these statutes and regulations were intended to implement. Both basic reparations and uninsured motorist coverages are mandatory; General Statutes 38-327 and 38-175c; and a major legislative consideration was to make such protection available at moderate cost. The preferential treatment given to carriers with respect to this kind of insurance, as compared to workers' compensation or liability insurance, may reasonably have been expected to have some effect in the form of reduced rates for such coverage. Although we may have reservations about the wisdom of this policy, we cannot narrow its scope of operation by construing the pertinent governmental enactments to contain an exception applicable to the plaintiff which their plain language does not support.
It is fundamental that a person who has been unjustly enriched at the expense of another must make restitution. Restatement, Restitution 1. "The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled?" Franks v. Lockwood, 146 Conn. 273,278, 150 A.2d 215 (1959). We think the doctrine applies where a person retains payments which were properly accepted at the time they were made but which subsequent events make it unjust to retain. The defendant was obliged to make the basic reparations payments promptly as the plaintiff incurred them. General Statutes 38-333 (a). It could not await the outcome of the workers' compensation claim which the plaintiff had filed. In making payments it was not a volunteer officiously conferring a benefit upon her which it now seeks to have returned. Restatement, Restitution 2. *Page 324 
Since we have decided that the plaintiff is no longer entitled to the benefits paid by the defendant under the pertinent statute and policy provisions, her continued retention of them is unjust.
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.