[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action sounding in unjust enrichment. The plaintiff, Viglione Heating and Cooling, Inc. ("Viglione"), alleges in its amended complaint that on or about February 7, 1986 and for some time prior to that date the defendants, Francis J. Evon and Joan C. Evon ("Evons"), owned a certain real estate on Leete's Island Road in Branford and that on this date and for some time prior thereto the Evons leased these premises to BLP Enterprises, Inc. ("BLP"), which premises were operated as a gas station ("gas station"). The Evons admit all these allegations. The Evons plead insufficient knowledge upon which to form a belief to the plaintiff's following allegations: That on or about February 13, 1986, Viglione, at the request of the tenant of the gas station, installed a new oil furnace on the premises owned by the defendants at an agreed price of $3395.00, and that BLP has failed to pay that sum to Viglione, and that although Viglione recovered a judgment against BLP on June 24, 1986, it has been unable to collect this judgment even though an execution on it was CT Page 3032 obtained. Finally, the defendants deny the allegation that they have been unjustly enriched by the labor and materials furnished by the plaintiff. The defendants and BLP had executed a written lease for use as a gas station and auto sale and repair for a term from December 1, 1982 until November 30, 1987.
Initially, in addition to the admissions in the pleadings, the court finds the following facts: On or about February 6, 1986, Viglione, in response to a call for service, dispatched a serviceman to, the gas station on Leete's Island Road to investigate a complaint of a malfunctioning furnace at that station. That investigation disclosed that the furnace in that building could not be repaired and Viglione recommended the installation of a new furnace. Viglione so informed the people, specifically one Anthony Parilla, on the gas station premises, whom Viglione believed were the owners of the property. An agreed price was reached. Viglione installed a new furnace unit and the cost of furnishing and installing this unit was $3395.00. This installation took place on or about February 13, 1986. BLP was billed for $3395.00 by Viglione's invoice[1] of February 13, 1986. It was only after the furnace was installed that Viglione learned that BLP was not the owner of the gas station premises. No part of the billing of $3395.00 has ever been paid.
Later, in September 1986, the defendants Evon sold and conveyed by their warranty deed the real property on which the gas station stood to an entity known as "BHL Associates, Limited Partnership" ("BHL") for $450,000.00. Their deed specifically recited that the conveyance was subject to the written recorded from the defendants to BLP.
The plaintiff claimed at the trial that it demonstrated that it is entitled to recover $3395.00 of the defendants Evon[2] on the grounds of unjust enrichment and there it relied on Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242 (1971). Viglione maintained that it had conferred a benefit upon the defendants because, inter alia, the installation[3] of the new furnace made for a more saleable property. It also claims that it would be unjust for the defendants not to pay for this benefit so conferred. The defendants, on the other hand, claim that, despite Providence Electric, it is clear that Viglione has not proven that a benefit was conferred by Viglione upon them and there is nothing unjust involved under the circumstances. They also cite CBS Surgical Group, Inc. v. Holt, 37 Conn. Sup. 546 (1981), to support their argument that the elements of unjust enrichment have not been proven by the plaintiff. In arguing that no benefit was conferred, they point to certain evidence that they sold the property in September 1986 that supports their argument that the fact that there was a new furnace did not at all enter into the sales price for the property.[4]
CT Page 3033
"It is fundamental that a person who has been unjustly enriched at the expense of another must make restitution. Restatement, Restitution 1." Bobek v. Public Service Insurance Co., 38 Conn. Sup. 318, 323, A.2d (1981): see D. Dobbs, Remedies, 4.1 (1973).
Our Supreme Court has said that:
 "Unjust enrichment applies `whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.' 5 Williston, Contracts (Rev. Ed.) 1479. `A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215; Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162.' Connecticut National Bank v. Chapman, 153 Conn. 393, 399, 216 A.2d 814. `With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard.' Cecio Bros, Inc., v. Greenwich, 156 Conn. 561, 564-65, 244 A.2d 404.
 It is clear that in order to recover on the basis of unjust enrichment, it is necessary for a plaintiff to demonstrate two aspects of the transaction. First, it must be shown that the defendant was benefited; that is, he has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff."
Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 246,287, A.2d 379 (1971).
That court has also stated that:
 "The doctrine of unjust enrichment `is based upon the principle that one should not be CT Page 3034 permitted unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated. . . .It is not necessary, in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled?' Franks v. Lockwood, 146 Conn. 273, 278, 150 A.2d 215; Schleicher v. Schleicher, 120 Conn. 528, 534, 182 A. 162. See Restatement, Restitution 1. `With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard.' Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564-65, 244 A.2d 404."
Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 665-666,368, A.2d 6 (1976).
In this case the plaintiff answered a service call from this gas station in the middle of winter and found that a new furnace was needed. It was the plaintiff's practice to cater to people who needed heat, especially during the winter. It reached an agreed price, which was "very competitive" with the person at the gas station to install a new furnace, which it did; it also removed the old malfunctioning furnace. No question of any lack of good faith by the plaintiff has been raised in its doing this. It is true that the plaintiff believed incorrectly that it was dealing with the owner of the property. It, however, contemplated that it was dealing with the owner and the plaintiff's principal so testified. The plaintiff in making its arrangement with the person on the premises which it did was not relying on the credit of that particular person but on the credit of that person believing that person was the owner of the premises. Cf. Chatfield v. Fish, 126 Conn. 712 (1940). Where quasi contract serves as the remedy for unjust enrichment that remedy requires no finding of consent, as that remedy can support a recovery quite opposed to the defendant's intention to pay. See Gulf Oil Trading Co. v. Creole Supply, 596 F.2d 515, 520 (2d Cir. 1979); Corbin on Contracts 19 (2d ed. 1963).
The defendants were unjustly enriched by the installation of a new furnace on their gas station property. "A person is CT Page 3035 enriched if he has received a benefit. . .the word `benefit', . . .denotes any form of advantage." Restatement of Restitution 1, comment (a), (1937). A "benefit" is conferred "not only where one adds to the property of another, but also where he saves the other from expense or loss." Ibid. The defendants obviously received something of value. It is found that the plaintiff's installation of the new furnace under the circumstance was the conferring of a "benefit" upon the defendants. It should also be pointed out presumably the defendant collected the monthly rents from BLP due them under their existing lease for the balance of the time that the defendants owned these premises, at best some time of which was in the winter heating season during which plaintiff installed the new furnace in question. It is recognized that even where a person has received a benefit from another person, he is only liable to pay for that benefit if the circumstances of its receipt and retention are such that as between the conferrer and conferree of the benefit, it is unjust for the conferree to retain it.
 "`Unjust enrichment' means something more than enrichment which is not just. `Unjust enrichment' is a term of art, a legal doctrine invoked in legal cases to prevent inequitable results. This doctrine is based upon the `general principle that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly. See 66 Am. Jur. Restitution and Implied Contracts 3.'" Tulalip Shores, Inc. v. Mortland, 9 Wash. App. 271, 274-75, 511 P.2d 1402, 1404 (1973); see In Re Vichele Tops, Inc., 62 B.R. 788, 790 n. 1 (E.D. N.Y. 1986).
Moreover, the plaintiff is not barred as an officious intermeddler[5] in its conferring of this benefit upon the defendants. We note this keeping in mind that "A person who officiously confers a benefit upon another is not entitled to restitution therefor." Restatement of Restitution 2 (1937). This is not this case.
The equitable underpinnings of the doctrine also include the view that, in order to create an obligation to make restitution or to compensate, that the party unjustly enriched need not be guilty of any tortious or fraudulent act. Franks v. Lockwood, supra, CT Page 3036 278. "The question is: Did [the defendants] to the detriment of [the plaintiff] obtain something of value to which [they] were not entitled?" Ibid. Under the facts proven in this case, the defendants are found to have obtained something of value to which they were not entitled and have been unjustly enriched and are entitled to damages as clearly the benefit in its installed state cannot be restored to the plaintiff and, moreover, the defendants Evon have since sold the property on Leete's Island Road.
It is concluded that the plaintiff has sustained its burden of proof in the matter of unjust enrichment and is entitled to judgment.
Accordingly, judgment may enter that the plaintiff to recover of the defendants thirty-three hundred ninety-five dollars ($3395.00) in damages.
ARTHUR H. HEALEY, STATE TRIAL REFEREE