[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 119)
Premises owned by the plaintiff were destroyed in a fire in September of 1984. After the defendant insurance company refused to pay the claim, plaintiff instituted suit in September of 1985, within the one year time period for bringing suit specified in the insurance contract.
The case was dismissed under the dormancy program pursuant to Practice Book 251 on June 25, 1988. In June, 1989 plaintiff filed the instant lawsuit claiming the benefit of Connecticut General Statutes 52-592, which allows a new action within one year after the accidental failure of a suit. After the pleadings were closed, defendant filed a motion for summary judgment which was heard by this court on June 29, 1992. The court denied that motion on June 30th, 1992 by way of the following order:
 Summary judgment is denied. The original suit was filed within the contractual one year time period. After dormancy dismissal, the instant suit was filed within one year under the accidental failure of suit statute, C.G.S. 52-592(a). A Practice Book 251 dismissal is a "matter of form" under that statute. See: LaCasse v. Burns, 214 Conn. 464, 472. The CUTPA CUIPA claims are timely as those claims were in the original lawsuit.
In so ruling, the court relied on the motion in the file and the memorandum of law in support of that motion which CT Page 3382 raised only the question of whether the suit was timely. Thereafter, defendant filed a motion for reconsideration pointing out that the court had not addressed arguments raised in a supplemental memorandum dated April 16, 1992. That memorandum addressed the implications of Lees v. Middlesex Insurance Co., 219 Conn. 644 (1991), which was decided about one month after the defendant's original motion for summary judgment. The Lees case held that CUTPA and CUIPA claims were not subject to the one year limitation in the defendant's insurance policy. In addition, the supplemental memorandum set forth additional grounds for summary judgment on counts four and five of the plaintiff's complaint (the CUTPA and CUIPA claims).
The issues raised in the supplemental memorandum were not before the court in June of 1992 nor was the supplemental memorandum found in the file. At the court's suggestion, defendant filed a new motion for summary judgment (the instant motion), and the court allowed plaintiff time to respond to the issues raised by the supplemental memorandum of April 16, 1992.
The court heard argument on the instant motion on March 1, 1992; however, the supplemental memorandum of defendant had still not been located. The court received a copy of that supplemental memorandum on March 30, 1992.
The court's original order of June 30, 1992 denying the motion for summary judgment with respect to counts one, two and three stands. The accidental failure of suit statute, C.G.S. 52-592(a) provides in relevant part:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . for any matter of form . . . the plaintiff . . . may commence a new action, . . . at any time within one year after the determination of the original action. . . .
The LaCasse case, supra, held that dormancy dismissals are matters of form. Defendant claims that the time for commencement of suit on the subject fire insurance policy was limited by contract, not by law, thereby making the second suit untimely. The court agrees with plaintiff's claim that the subject policy is one mandated by Connecticut General Statutes38a-306 (formerly 38-97). The one year time period within which to bring suit is mandated by Connecticut General Statutes CT Page 338338a-307 (formerly 38-98). As the policy provisions were mandated by statute, the time period was indeed "limited by law."
As to counts four and five (the CUTPA and CUIPA counts), the defendant relies on Mead v. Burns, 199 Conn. 651
(1986). In Mead, the Connecticut Supreme Court held that a plaintiff must show that a defendant insurer's conduct was performed "with such frequency as to indicate a general business practice" to constitute a violation under then Connecticut General Statutes 38-61 (now 38a-816). In this case, defendant claims that plaintiff has neither alleged that defendant engaged in unfair insurance practices with such frequency as to constitute a general business practice nor has plaintiff appended any documents to that effect to his memorandum in opposition to the motion for summary judgment. Defendant argues further that under Mead if there is no viable CUIPA claim there can be no viable CUTPA claim.
Plaintiff's first argument in opposition to the motion is that it is improper. He contends that this issue should have been raised by way of a motion to strike as it tests the legal sufficiency of the complaint. He argues that, having failed to file such a motion, it is too late now to address that issue by way of a motion for summary judgment. The court disagrees.
In Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, the supreme court said at page 409:
 The proper way to have treated the legal sufficiency of the complaint would have been by demurrer before the pleadings were closed or, after an answer had been filed by a motion for summary judgment pursuant to Practice Book 303, "if the pleadings, affidavits and any other proofs submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
The motion to strike has replaced the demurrer in Connecticut practice; however, the rationale of Boucher remains the law. Summary judgment is the appropriate way to raise the legal sufficiency of the complaint after pleadings are closed. Plaintiff argues that an amendment may be allowed or proof may CT Page 3384 come in at trial which would indicate the kind of general business practice required under the holding of the Mead case. On a motion for summary judgment, the court must rule on the pleadings, affidavits and documents before it, not on what might happen in the future.
This court accepts and follows the rationale and holding of Lees v. Middlesex Insurance Co., 7 C.S.C.R. 1109
(Bridgeport, October 5, 1992, Lewis, J.). Here, as in the Lees case, plaintiff alleges claims of misconduct which relate only to his own case and fails to allege any general business practice. As there is no CUIPA violation, the court under the Lees rationale finds there is no CUTPA violation.
The motion for summary judgment as to counts four and five is granted.
E. EUGENE SPEAR, JUDGE