[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (#122)
On July 31, 1990, the plaintiffs, Mary Pullen and Gloria Ballard, lessors of commercial space where they operate a package store, filed a five-count complaint against their landlords, Morris, Morris Robinson Associates, Bruce L. Morris, Bruce V. Morris and Richard Robinson.
The second amended complaint, dated February 18, 1991, CT Page 4454 contains five counts. Count one sounds in vexatious suit and alleges that the defendants commenced and prosecuted a summary process action to evict the plaintiffs without probable cause. Count two alleges intentional infliction of emotional distress. Count three alleges a breach of the covenants of possession and quiet enjoyment. Count four alleges intentional interference with prospective economic relations. Count five alleges that the defendants' activities constitute unfair and deceptive trade practices under the Connecticut Unfair Trade Practices Act [CUTPA], General Statutes 142-110g et seq.
Before the court is the defendants' motion for partial summary judgment as to counts one, three, five, and certain paragraphs of count four.
The plaintiffs have raised a procedural objection to the defendants' motion, arguing that the defendants have not met a certain Practice Book Requirement. An amendment to Practice Book 379, which took effect on October 1, 1992, provides that once a case is placed on the assignment list or assigned for trial, a party must obtain the court's permission before filing a motion for summary judgment, and such permission has not been obtained in this case. On July 3, 1991, the plaintiffs claimed the case for the trial list, but it has not been placed on the assignment list or assigned for trial. Therefore, in the opinion of the court the defendants are not required to seek the court's permission to file this motion for summary judgment.
In support of their motion for summary judgment, the defendants submitted the lease between the parties which was in effect at all pertinent times, a June 6, 1989 memorandum of decision in the eviction action in the housing court that is the basis of the plaintiffs' vexatious litigation claim, several pages of the trial transcript from the eviction hearing, correspondence between the defendants and the Department of Liquor Control, and the affidavit of defendant Bruce V. Morris.
To support the plaintiffs' opposition, they submitted the affidavits of the plaintiffs, the lease at issue, and an objection to Bruce Morris' affidavit.
The defendants instituted the eviction action, which is the basis for the plaintiffs' vexatious litigation claim against the plaintiffs on August 8, 1987. The court, (DeMayo, J.) found in favor of the plaintiffs on June 6, 1989. The memorandum of CT Page 4455 decision indicates that the defendants brought the action to enforce a provision of the lease which required the plaintiffs to take steps to prevent loitering around the property. The court found that although loitering was a serious problem in the area, compliance with the provision would be an impossible burden on the plaintiffs. The court did not address specifically the issue of whether the defendants had probable cause to bring the action.
Pursuant to Practice Book 384, a summary judgment shall be rendered if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Wadia Enterprises, Inc. v. Hirschfield, 224 Conn. 240, 247
___ A.2d ___ (1992).
A party seeking summary judgment bears the burden of proof of showing the nonexistence of any material fact, which is any fact that will make a difference in the result of a case. Basin v. Stamford, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). The facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91,111. 491 A.2d 368 (1985). "However, [it is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell,214 Conn. 242, 251, 571 A.2d 116 (1990).
In count one, the plaintiffs claim that the defendants brought the eviction proceedings without probable cause. The defendants argue that probable cause is always a question of law, and that the housing court ruled for the plaintiffs because compliance with the provision was impossible, not because the defendants lacked probable cause.
To establish a vexatious litigation claim, it is necessary to prove lack of probable cause, malice, and a termination of the suit in the plaintiff's favor. DeLaurentis v. New Haven,220 Conn. 223, 248, 597 A.2d 807 (1991). A party lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and validity of the claim asserted. Id., 256. "Whether the facts are sufficient to establish the lack of probable cause is a question ultimately to be determined by the court, but when the facts themselves are disputed, the court may submit the issue of probable cause in the first instance to a jury as a mixed question of fact and law." Id., 248. CT Page 4456
The defendants argue that there was probable cause to bring the action, and since probable cause is a question of law, their notion should be granted. However, the facts surrounding the eviction action, and therefore, whether the defendants had probable cause to bring it, are in dispute. Defendant Bruce V. Morris' affidavit states that it was brought to his attention that the tenants were violating the lease by doing nothing to prevent loitering in the area, such as calling the police. Plaintiffs' affidavits say that they informed the police of any drinking, gambling, or loitering and cooperated in all ways requested by the police to remedy the situation.
It appears to the court that the circumstances surrounding the attempted eviction, and the defendants' reasonable, good faith belief in what they alleged in the eviction action is a question of fact. "Whether or not the defendants acted reasonably or in good faith is a strongly contested genuine issue of material fact." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 381 260 A.2d 596 (1969). In view of the conflicting affidavits, this court is not satisfied that the defendants have established that there is no genuine issue of material fact with respect to their claim that they had probable cause to bring the eviction action. Accordingly, the motion for summary judgment is denied with respect to the first count.
As to count three, the plaintiffs claim that the defendants' institution of a summary process action, as well as other acts and conduct, amounted to breach of the lease concerning the plaintiffs' right to possession and quiet enjoyment. The defendants argue that since the eviction action was unsuccessful, the plaintiffs never lost possession or were evicted, so they may not claim such a breach of the lease.
"The covenant of quiet enjoyment is that the grantee shall have legal quiet and peaceful possession, and is broken only by an entry on and an expulsion from the land or from an actual disturbance of possession by virtue of some paramount title or right." Net Realty Holding Trust v. Nelson, 33 Conn. Sup. 22,25, 358 A.2d 365 (Super.Ct. 1976). A constructive eviction arises where a landlord, while not actually depriving the tenant of the leased premises, has done or suffered some act which renders the premises untenantable. Thomas v. Roper, 162 Conn. 343,349, 294 A.2d 321 (1972). In order to claim constructive eviction, the tenant must abandon the property within a CT Page 4457 reasonable time. Welk v. Bidwell, 136 Conn. 603, 609,73 A.2d 295 (1950); see also Thomas v. Roper, supra, 349.
The various documents filed by the parties show that the plaintiffs occupied the demised premises for the entire term of the lease. Therefore, the plaintiffs have not shown the facts necessary to support a claim for breach of possession and quiet as a matter of law. Accordingly, the motion for summary judgment is granted as to the third count.
The motion for summary judgment seeks judgment as to some of the paragraphs of the fourth count which makes a claim of "intentional interference with prospective economic relations." The paragraphs on which summary judgment is sought contain some of the factual allegations made in support of the claim advanced in the fourth count, but not all. The rules with respect to summary judgments do not provide for judgment on various paragraphs of a single count. The motion must be directed at an entire count or claim. The motion is denied with respect to the various paragraphs of the fourth count.
In count five, the plaintiffs allege that the summary process action, as well as other conduct and acts of the defendants, form the basis of CUTPA violation. The defendants argue that "the institution of a single, non-sham lawsuit does not give rise to a cause of action under CUTPA."
The CUTPA statute provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Sportsmen's Boating Corp. v. Hensley, 192 Conn. 747, 755, 474 A.2d 780
(1984); General Statute 4211b(a). The United States Court of Appeals for the Second Circuit has interpreted Connecticut law to mean that the filing of a single, non-sham lawsuit cannot form the basis of a claim under CUTPA. Suburban Restoration Co. v. ACMAT Corp., 700 F.2d 98, 102 (2d Cir. 1983).
The plaintiffs argue, however, that they have alleged in their complaint that the defendants committed numerous acts in violation of CUTPA, such as erecting a partition on the leased premises and harassing the plaintiffs' customers, and have filed affidavits to this effect. The plaintiffs claim that these acts, together with the eviction proceedings, form the basis of a CUTPA violation, and that the eviction action is only one of various acts claimed to support the alleged violation of CUTPA. Since CT Page 4458 the plaintiffs have filed affidavits in support of the allegations that the defendants engaged in other activities, the CUTPA claim is not based solely upon the institution of one lawsuit. The plaintiffs allege a continuing course of various forms of conduct, and whether this actually occurred and, if so, whether the defendants' activity violated CUTPA, are issues of fact. Whether a practice or practices is unfair and, thus, violates CUTPA, is an issue of fact. DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466 (1990). The motion for summary judgment is denied with respect to the fifth count.
In summary, for the reasons above stated, the defendants' motion for summary judgment is denied with respect to counts one, certain paragraphs of count four, and count five. The motion is granted as to count three.
William L. Hadden, Jr., Judge