[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 17, 1990, the plaintiffs Crystal Lukowsky and her parents Kenneth and Pamela Lukowsky filed an amended, four count complaint against the defendant Woodmere Health Care Center ("Woodmere"), claiming damages allegedly suffered when Crystal, a minor who is in a chronic comatose state, was sexually assaulted while in the defendant's custody and care by Thomas Crawford, (Crawford) a nurse's aid employed by the defendant. Crystal's parents have brought the action in her behalf and have also asserted claims individually against the defendant.
As a result of an automobile accident when she was ten years old, Crystal has been in a permanent vegetative state and does not respond to external stimuli, nor can she speak or voluntarily move. She was admitted to Woodmere in July, 1984, by her parents. Woodmere is a long term health care facility CT Page 6422 specializing in the care and management of traumatically brain-injured patients.
Thomas Crawford, the assailant, was hired by Woodmere in August, 1986, as a floor maintenance worker. Following good performance reviews, he was promoted and, by April 30, 1987, he had completed a nurse's aid training course given by the defendant. On May 11, 1987, he was certified and employed as a nurse's aid by the defendant. On June 5, 1987, less than one month after being employed as a nurse's aid by the defendant, Crawford sexually assaulted Crystal while administering an unsupervised sponge bath to her in her private hospital room. For this assault, Mr. Crawford was convicted of risk of injury to a minor, in violation of General Statutes § 53-21.
In count one of their amended complaint, the plaintiffs allege that the defendant, while under a contractual duty to care for Crystal, negligently failed to supervise and control its employees; failed to adequately protect and care for Crystal considering her helpless condition; improperly screened, hired and trained its employees; and failed to take adequate precautions to prevent the assault. The plaintiffs also allege that Crystal was assaulted by Crawford while he was performing his duties as a nurse's aid in the course of his employment with the defendant and while he was serving the business purposes of the defendant. In the second count, sounding in recklessness, the plaintiffs allege, inter alia, that the defendant knew of Crystal's helpless condition, and that the defendant's employees suspected that Crawford was assaulting patients, but that the defendant failed to take precautions to prevent the assault. In count three of the amended complaint, the plaintiffs Kenneth and Pamela Lukowsky allege a breach of the health care contract with Woodmere, based on the defendant's negligent conduct. In count four, the plaintiffs allege that Crystal was a third party beneficiary of the contract and as a result of the negligent breach, Crystal has suffered and may continue to suffer further damages.
On January 4, 2994, the defendant moved for summary judgment on all four counts of the plaintiffs' amended complaint and filed in support of the motion a memorandum of law and various exhibits. The plaintiffs filed a memorandum in opposition to the motion and attached various exhibits.
The motion for summary judgment should be granted when the CT Page 6423 pleadings, affidavits, and any other proof submitted by the movant show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
 Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.
 . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
Connell v. Colwell, supra, 214 Conn. 246-47.
A. First Count — Negligence
The defendant argues that the plaintiffs cannot establish, as a matter of law, that any alleged negligence on the part of the defendant was a proximate cause of Crystal's injuries because Mr. Crawford's intentional criminal acts were a superseding cause of the plaintiffs' damages. The defendant argues that the issue of proximate cause in this case is a matter of law because the creation alone of an opportunity for intentional third party misconduct is insufficient to establish liability. Therefore, the defendant argues, it is entitled to judgment as a matter of law and its motion for summary judgment should be granted.
In order to prevail on a negligence claim, the plaintiff must establish, in addition to a breach of duty and damages, that the defendant's conduct legally caused the plaintiff's injuries by establishing first, causation in fact — i.e. that the injury would not have occurred were it not for the defendant's conduct — and second, proximate cause, which is defined as "`[a]n actual cause that is a substantial factor in the resulting harm.'" Doe v. Manheimer, 212 Conn. 748, 757, 563 A.2d 699
(1989), quoting Boehm v. Kish, 201 Conn. 385, 391, 517 A.2d 624
(1986). The issue of proximate cause is generally a question of CT Page 6424 fact for the jury, and it only "becomes a conclusion of law when the mind of a fair and reasonable man could reach only one conclusion; if there is no room for a reasonable disagreement the question is one to be determined by the trier of fact." Doev. Manheimer, supra, 212 Conn. 757.
A defendant may be liable for the intervening intentional acts of a third party when the defendant's negligent conduct creates or increases the risk of a particular harm and is a substantial factor in causing the harm, and the third party's conduct at issue is within the scope of the risk created by the defendant's negligent conduct. Doe v. Manheimer, supra,212 Conn. 759, citing 2 Restatement (Second), Torts § 442B (1965). Generally, for a third party's intentional or criminal act to be within the scope of the risk created by the defendant's negligence, a plaintiff must show that the third party's conduct was a reasonably foreseeable consequence of the defendant's negligence. Burns v. Gleason Plant Security, Inc., 10 Conn. App. 480,482, 523 A.2d 940 (1987); see also Doe v. Manheimer, supra, 212 Conn. 759.
In Gutierrez v. Thorne, 13 Conn. App. 493, 537 A.2d 527
(1988), the plaintiff, a client in a community residential program conducted by the defendant commissioner of mental retardation, was sexually assaulted by an employee of the commissioner. The employee, who was a supervisor of the residential program in which the plaintiff participated, had been given a key to the plaintiff's apartment. The employee entered the plaintiff's apartment on several occasions with the key provided by the defendant, and sexually assaulted the plaintiff. The plaintiff sued the defendant individually, alleging that the defendant, through its agents and employees, failed to exercise reasonable care in hiring, supervising, and training the assailant; in allowing a male employee to have unfettered access to a female client's apartment; and in failing to become aware of the assault for several weeks.
In deciding that the trial court should not have granted summary judgment, the appellate court held that "the question of foreseeability is a question of proximate cause." Id., 500. The court noted that, on the facts of the case, "the question of foreseeability [was] not such as would lead to only one conclusion." Id., 501. The court noted that the plaintiff was in a vulnerable position, due to her slightly impaired mental function and the superior power afforded the assailant in their CT Page 6425 relationship by virtue of the "provider-client" relationship. Also, the court noted that the defendant permitted the employee to have complete, unfettered, and unsupervised access to the plaintiff's apartment. The court held that:
 [p]resented with these facts, the court erred in granting summary judgment because the conclusion to be drawn from these facts as to whether it was reasonably foreseeable that the plaintiff would be sexually assaulted by the defendant's employee is precisely the type of determination most appropriately left to the trier of fact.
(Footnote omitted.) Id., 502.
In the present case, the plaintiffs have submitted evidence that Crystal was helpless while in the care and custody of the defendant; that the defendant had hired Mr. Crawford to provide nurse's aid services for the plaintiff; that the defendant performed only one reference check upon hiring Mr. Crawford, in which the defendant contacted Mr. Crawford's father-in-law; that no other reference checks were performed prior to Mr. Crawford's being allowed unsupervised access to the plaintiff; that Mr. Crawford was given unsupervised access to the plaintiff in a relatively short time from his certification and commencement of employment as a nurses aid; and that one of the defendant's employees suspected Mr. Crawford of assaulting female patients prior to the assault on the plaintiff, but that the defendant failed to take any action to prevent the assault. A genuine issue of material fact exists concerning whether the defendant's employment and supervision practices created or increased the risk of assault for the plaintiff, and the motion for summary judgment is denied as to the first count.
B. Respondeat Superior
The defendants move for summary judgment on paragraphs 14 of the first, second, and third counts, and sub-paragraphs 26(p), (u), and (v) of the first and second counts, which paragraphs and subparagraphs, the defendant argues, set out a cause of action for respondeat superior. The defendant argues that, as a matter of law, the intentional assault was beyond the scope of Mr. Crawford's employment and not in furtherance of the defendant's business and, therefore, the defendant cannot be vicariously liable under the theory of respondeat superior. CT Page 6426
"The rules with respect to summary judgment do not provide for judgment on various paragraphs of a single count. The motion must be directed against an entire count or claim."Pullen v. Morris, 8 CSCR 621 (May 6, 1993, Hadden, J.); see alsoTracey v. Charisma Aviation, Ltd., 8 Conn. L. Rptr. 282
(February 29, 1993, Hadden, J.) (holding that Rules of Practice do not provide for summary judgment on several claims of a single count); Schofield v. Bic Corp. , 3 Conn. L. Rptr. 229, 293 (February 25, 1991, Fuller, J.) (summary judgment not appropriate for rendering judgment on paragraphs of a count); but see Niper v. Johnston, Superior Court, Judicial District of Fairfield, Docket No. 256309, footnote 1, (February 28, 1992, Lewis, J.) (noting split of authority regarding whether a motion for summary judgment can be granted as to several paragraphs; allowing summary judgment as to several paragraphs); see alsoCocca v. Pocesta, 2 Conn. L. Rptr. 69, 71 (July 13, 1990, Barnett, J.) (allowing summary judgment on individual paragraphs of a complaint).
Aside from the rule that a motion for summary judgment may not be granted as to individual paragraphs, the plaintiffs' allegations contained in the above referenced paragraphs include some factual allegations in support of the plaintiffs' claims of negligence and recklessness contained in the underlying counts, in addition to the plaintiffs' claims of respondeat superior. Therefore the motion for summary judgment is denied as to the specific paragraphs referenced above on the ground that summary judgment may not be granted as to individual paragraphs.
C. Count Two — Recklessness
The defendant moves for summary judgment on count two of the plaintiffs' complaint on the ground that the plaintiffs' claims of recklessness therein are legally insufficient as a matter of law. The defendant notes that the plaintiff has repeated the allegations of the first count — which states a cause of action in negligence — and argues that the plaintiff has not alleged specific facts sufficient to differentiate the claims of negligence from the claims of recklessness.
A motion for summary judgment may properly challenge the legal sufficiency of a pleading. Boucher Agency, Inc. v.Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971); Brill v.Ulrey, 159 Conn. 371, 374, 269 A.2d 262 (1970); Lanza, Inc. v.CT Page 6427Travelers Indemnity Co., 8 CSCR 431, 432 (April 7, 1993, Spear, J.). Where the facts provable under the allegations of the pleading would not support a cause of action, the pleading is legally insufficient. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, 12 Conn. App. 106, 110,529 A.2d 743 (1987).
 In order to maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must specifically identify the conduct which is alleged to have been reckless. See Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 124, 138[, 479 A.2d 231] (1984). . . .
Doyle v. Christensen, 2 Conn. L. Rptr. 149, 150 (July 18, 1990, Walsh, J.).
 "`[W]illful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion and more than mere thoughtlessness or inadvertence, or simply inattention."
Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988), quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
Construed most favorably for the plaintiff, the allegations of the second count allege that the defendant knew that Crystal was helpless and unable to report the assaults, and that the defendant, through its employees, knew of or suspected previous assaults committed on Crystal, but failed to take the appropriate action to prevent further assaults.[1] These allegations support a cause of action sounding in recklessness. Although these allegations are also contained in the plaintiffs' first count, a pleading or count thereof will survive a CT Page 6428 challenge to its legal sufficiency when it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Boardof Directors of Notre Dame High School, 202 Conn. 206, 218-19,520 A.2d 217 (1987). Therefore, the defendant's motion for summary judgment on the second count is denied.
C. Counts Three and Four — Breach of Contract
The defendant moves for summary judgment as to counts three and four of the plaintiffs' complaint on the ground that, in order to prevail on the claims of negligent breach of contract alleged in the third and fourth counts, the plaintiffs must still establish proximate cause. The defendant, relying on its arguments discussed in section A above, argues that the plaintiffs are unable, as a matter of law, to succeed on their claim of proximate cause.
In order to recover for negligent breach of contract, the plaintiff must still "prove that the negligence of the defendants was a substantial factor in causing their damages."Johnson v. Flammia, 169 Conn. 491, 498, 363 A.2d 1048 ((1975). As discussed in part A above, a genuine issue of material fact regarding the issue of proximate cause exists in this case and, therefore, the motion for summary judgment on the third count is denied.
As an additional ground for summary judgment on count three against Pamela Lukowsky alone, the defendant argues that Pamela Lukowsky is unable to enforce the contract. The defendant submits a copy of the contract, which is signed only by Kenneth P. Lukowsky, and argues that there is no evidence that the Kenneth Lukowsky signed the contract on behalf of Pamela Lukowsky.
Practice Book § 386 "has . . . been applied to allow summary judgment against one of two defendants on the same claim where the plaintiff's claim against the two defendants is severable." Schofield v. Bic Corp. , supra,3 Conn. L. Rptr. 229. The copy of the health care contract attached to the defendant's motion for summary judgment as exhibit I is signed in the space marked "responsible party" by Kenneth Lukowsky. In the space below the signature the words "Mr. and Mrs. Kenneth Lukowsky" are printed in longhand. A genuine issue of material fact exists as to whether the Kenneth Lukowsky signed said document on behalf of, and with the authority of Pamela CT Page 6429 Lukowsky. Therefore the motion for summary judgment as to the third count against Pamela Lukowsky is denied.
As to the fourth count, the court denies the defendant's motion for summary judgment as question of fact exists which only the trier of fact can resolve.
WILLIAM J. SULLIVAN, J.