[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT CT Page 7169
The plaintiff, Margaret Boisvert, was injured in an automobile accident that occurred on August 12, 1987. At the time of the accident, she was a named insured on two insurance policies issued by the defendant, Great American Insurance Company. The plaintiff filed a three count amended complaint on February 17, 1993. In count one of the amended complaint, the plaintiff alleges that the defendant breached the insurance contract by failing to pay basic reparations benefits. In count two, the plaintiff alleges that the failure to pay the basic reparations benefits is a breach of the implied covenant of good faith and fair dealing in the insurance contract. In count three, the plaintiff alleges a violation of the Connecticut Unfair Trade Practices Act [CUTPA] based on unfair claims settlement practices in violation of the Connecticut Unfair Insurance Practices Act [CUIPA].
The defendant filed an answer and special defenses on May 20, 1993. The plaintiff filed a reply to the defendant's special defenses on June 8, 1993. On March 9, 1994, the defendant filed a motion for summary judgment and supporting memorandum of law. On April 21, 1994, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment, an affidavit, and a copy of the insurance policy and coverage sheet. On May 16, 1994, the defendant filed a reply to the plaintiff's memorandum.
Summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v.Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." (Citations omitted.) Id. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact. . ." Connecticut v. Goggin, 208 Conn. 606, 616, CT Page 7170546 A.2d 250 (1988). "A motion for summary judgment may be used to test the legal sufficiency of the pleadings." Aetna Life Casualty v. Mark, 9 Conn. L. Rptr. 402, 403 (August 16, 1993, Hennessey, J.), citing Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971).
The defendant moves for summary judgment on all three counts of the amended complaint. The defendant argues that it is entitled to judgment as a matter of law on count one because the applicable statute of limitations, provided in General Statutes § 52-584, bars the claim. With respect to count two, the defendant argues that it is not legally sufficient because it seeks to allege an intentional tort, yet fails to allege that the defendant intended the harm it allegedly caused the plaintiff. Finally, the defendant argues that summary judgment should be granted on the third count, which alleges a violation of CUTPA based on CUIPA, because the plaintiff has only alleged a single act of insurance misconduct.
In response to the defendant's argument with respect to count one, the plaintiff argues that the statute of limitations did not begin to run until the defendant failed to pay her claims. In addition, the plaintiff argues that the second count is legally sufficient because the plaintiff need not explicitly allege that the defendant intended the resultant harm, since this could be implied from its allegations of intentional misconduct. Finally, with respect to the CUTPA/CUIPA count, the plaintiff argues that summary judgment is inappropriate because she should be afforded the opportunity to prove her claim that the defendant engaged in unfair claim settlement practices with such frequency as to indicate a general business practice.
COUNT ONE: STATUTE OF LIMITATIONS
General Statutes § 38a-379 provides, in pertinent part: "Any action for [insurance] benefits . . . shall be brought within the period allowed under section 52-584 or section 52-555, respectively for the commencement of actions for injury to the person or death." General Statutes § 52-584 provides that
 no action to recover damages for injury to the person . . . shall be brought but within two CT Page 7171 years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . .
Research has revealed no Connecticut caselaw addressing whether the statute of limitations applicable to an insured's claim against an insurer for reparations benefits begins to run at the time of the injury or at the time the insurer denies the claim. In Bobeck v. Public Service Mutual Ins.Co., 38 Conn. Sup. 318, 445 A.2d 602 (App. Sess. 1981), the court was confronted with a similar factual situation. However, on appeal from the court's granting of summary judgment in the defendant's favor, the plaintiff insured did not contest the trial court's determination that the two year statute of limitations in § 52-584 barred her action when she brought her claim to the insurer more than three years after the motor vehicle accident. In the present case, the plaintiff argues that Bobeck is not applicable because the court in Bobeck did not address the statute of limitations issue. The plaintiff is correct; a reading of Bobeck, supra, indicates the court did not address, and expressed no opinion on, the issue.
However, in Boyce v. Allstate Ins. Co.,10 Conn. L. Rptr. 569 (January 5, 1994, Corradino, J.), the same issue was raised with respect to claims under a contract for fire insurance. In that case, the applicable statute provided that claims against insurers based on fire insurance policies must be brought within 12 months of the loss. Id. The court found that tolling the statute of limitations until the insurer denied the claim would be incompatible with the statute. Id. While a minority of jurisdictions have found that the statute of limitations is tolled until the claim is denied, the court agreed with the majority, reasoning that the language of the statute was clear and that it mandated finding the statute ran twelve months from the date of loss.
In the present case, similar reasoning applies. The section governing civil actions for insurance benefits, General Statutes § 38a-379, explicitly provides that the statute of limitations imposed in § 52-584 applies to the present action. Had the legislature intended the statute of CT Page 7172 limitations to toll until the claim was rejected, it would have included such a provision in § 38a-379 or § 52-584. Further, by imposing an absolute three year limit on actions in § 52-584, the law, as written; does not favor tolling. Therefore, the statute of limitations on claims brought against insurers for benefits runs from the date of the occurrence giving rise to the benefits, rather than from the date the insurer denies the claim. Accordingly, the court grants the defendant's motion for summary judgment with respect to count one.
COUNT TWO: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
Connecticut recognizes an implied covenant of good faith and fair dealing in insurance contracts. Verrastro v.Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693 (1988).
 It is manifest that in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is immanent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accordingly, when the insurer unreasonably and in bad faith witholds [sic] payment of the claim of its insured, it is subject to liability in tort.
(Citation omitted; internal quotations marks omitted.) L.F.Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30,46, 514 A.2d 766 (1986). The duty has been defined as "an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking means faith to one's duty or obligation. . . bad faith . . . [implies] a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties." (Internal quotation marks omitted.) Buckman v.People Express, Inc., 205 Conn. 166, 171, 530 A.2d 596
(1987) (Supreme Court quoting trial court's instruction on the implied covenant, which it upheld).
By labelling count two an intentional tort claim, the defendant mischaracterizes the nature of the claim. While such a claim alleges a tortious breach of contract, it is not CT Page 7173 necessarily an intentional tort. Since it is not per se an intentional tort, the plaintiff need not allege that the defendant intended to cause a particular harm to the plaintiff in order to state a legally sufficient claim for a breach of the covenant of good faith and fair dealing. Additionally, it is noted that the case cited by the defendant to support its argument, Mingachos v. CBS, Inc., 196 Conn. 91, 491 A.2d 363
(1985), is not on point. While the court in Mingachos
discussed the nature of intentional tortious conduct, it did not analyze a tortious breach of a contract. Id., 101. Accordingly, the court denies the defendant's motion for summary judgment with respect to count two.
COUNT THREE: CUTPA VIOLATION BASED ON CUIPA
In the third count, the plaintiff alleges that she was insured by the defendant at the time of her accident, that her premiums were paid, that she sustained economic losses entitling her to reparations benefits, and that the defendant wrongfully refused to pay those benefits. The plaintiff further alleges violations of CUIPA that parrot the statute's definition of unfair settlement practices. See General Statutes § 38a-816(6). Finally, the plaintiff alleges that the defendant's unfair settlement practices constitute a violation of CUTPA.
In Mead v. Burns, 199 Conn. 651, 659, 509 A.2d 11 (1986), the court held that "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." The court also held that, in order to bring a CUTPA claim against an insurer based on unfair settlement practices, the plaintiff must allege a violation of CUIPA. Id., 666. Applying Mead v. Burns, this court, inPeterson v. Allstate Ins. Co., 7 CSCR 1183 (September 17, 1992, Hennessey, J.), granted partial summary judgment in defendant's favor on the ground of legal insufficiency where a CUTPA claim based on unfair settlement practices under CUIPA alleged only a single act of misconduct. See also Lanza, Inc.v. Travelers Indemnity Co., 8 CSCR 431 (April 7, 1993, Spear, J.); Langlais v. Guardian Like Ins. Co., 7 Conn. L. Rptr. 34
(July 7, 1992, Lewis, J.).
In the present action, the plaintiff did not allege sufficient unfair settlement practices to constitute a general business practice as is required under CUTPA. Accordingly, CT Page 7174 the court grants the defendant's motion for summary judgment with respect to count three.