[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this matter is should the court grant the defendant's motion for summary judgment as to portions of counts one, two, three and four on the grounds that the plaintiff is time-barred to assert claims against the defendant regarding the sale of an insurance policy by the defendant to the plaintiff in 1986?
Pursuant to this court's ruling in Lukowsky v. WoodmereHealth Care, Superior Court, judicial district of Waterbury, Docket No. 091141 (June 24, 1994, W. Sullivan, J.), "`[t]he rules with respect to summary judgment do not provide for judgment on various paragraphs of a single count or claim.'"Lukowsky v. Woodmere Health Care, supra, p. 8., quoting PullenCT Page 12803v. Morris, 8 CSCR 621 (May 6, 1993, Hadden, J.). See alsoTracey v. Charisma Aviation, Limited, 8 Conn. L.Rptr 282 (February 29, 1993, Hadden, J.); Schofield v. Bic Corporation,3 Conn. L.Rptr. 229, 293 (February 25, 1991, Fuller, J.).
Further, this court denies the defendant's motion for summary judgment pursuant to the "continuing course of conduct" doctrine; Blanchette v. Barrett, 229 Conn. 256, 275-80,640 A.2d 74 (1994); Fichera v,[.] Mine Hill Corporation,207 Conn. 204, 208-213, 541 A.2d 472 (1988); Giglio v.Connecticut Light Power Company, 180 Conn. 230, 240-42,429 A.2d 486 (1980); as the issue of whether the defendant's alleged acts constitute a continuous course of conduct, beginning with the sale of the insurance policy to the plaintiff by the defendant in 1986 and continuing through subsequent alleged acts of the defendant terminating in 1990 or 1991, is a genuine issue of material fact which should be determined by the trier thereof.
Accordingly, the defendant's motion for summary judgment is denied.
WILLIAM J. SULLIVAN, J.