[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Steven Aviles was injured during the course of his employment when he was rear-ended while driving a truck. The tortfeasor's automobile liability insurer paid the plaintiff the full amount of the coverage under the tortfeasor's policy, $25,000. The plaintiff brings this action against his own automobile insurance carrier, Nationwide Mutual Insurance Co. ("Nationwide"), seeking judgment under the underinsured motorist provision of the policy.
The parties have stipulated to virtually all facts and have reached agreement with respect to all issues in this case but one. They agree that the plaintiff has underinsured motorist coverage from Nationwide in the amount of $50,000. They further agree that under the terms of the policy and Regs. Conn. State Agencies § 38a-334-6(d), this $50,000 in coverage must be reduced by $25,000., the policy limit paid by the tortfeasor's insurance carrier. They also agree that the underinsured motorist coverage must be further reduced by: (a) $9,452.56, the amount of CT Page 5801 a specific workers' compensation award for permanent disability, which the plaintiff will be receiving; and (B) $2,411.78 in additional workers' compensation benefits which the plaintiff has received. As a result of all these deductions, the parties agree, the underinsured motorist coverage which is available to the plaintiff under his Nationwide policy is $13,135.66. The parties have further stipulated that if the court finds that this coverage is actually available to the plaintiff, the plaintiff's claim is worth that amount and judgment should enter for the plaintiff in that amount.
The sole issue to be decided by the court is whether there should be a further and final reduction from the underinsured motorist coverage for $16,695.58 in additional workers' compensation benefits which were received by the plaintiff, but were repaid to his employer's workers' compensation carrier by the plaintiff. When the plaintiff received the $25,000. payment from the tortfeasor's insurance carrier, he reimbursed the workers' compensation carrier for $16,695.58 in workers' compensation benefits which he had received. This reimbursement is required under General Statutes § 31-293. Nationwide contends that both the insurance policy and Section 38a-334-6(d) of the Regulations of Connecticut State Agencies (the "Regulation") require a further reduction in coverage for the repaid workers' compensation benefits. The plaintiff contends that the further reduction is not required. The parties have stipulated that if the court rules that the maximum underinsured motorist coverage available to the plaintiff of $13,135.66 must be further reduced by the $16,695.58 of repaid workers' compensation benefits, judgment should enter for the defendant.
The remedial purpose of uninsured or underinsured motorist ("UM") coverage is to protect and make whole a person injured at the hands of an uninsured or underinsured motorist. AmericanUniversal Insurance Co. v. Delgreco, 205 Conn. 178, 197 (1987). Our statutes relating to uninsured or underinsured motorist coverage have been construed as intended to allow the injured party to recover the same amount which he or she would have received if the tortfeasor had been insured to the same extent as the injured party. American Motorists Insurance Co. v. Gould,213 Conn. 625, 631 (1990).
The Regulation provides in subsection (d) entitled "Limits of Liability," CT Page 5802
 [t]he policy may provide for the reduction of limits to the extent that damages have been
 (1) paid by or on behalf of any person responsible for the injury,
 (2) paid or are payable under any workers' compensation or disability benefits law, or . . .
(Emphasis added.) The Nationwide policy contains the following provision with respect to UM coverage:
 The limits of this coverage and/or any amounts payable under this coverage, whichever are less, will be reduced by:
a) any amount paid by or for any liable parties.
 b) any sums paid or payable under any workers' compensation, disability benefits or similar laws . . .
At oral argument, counsel for Nationwide agreed that the intent of the Regulation is to give the UM carrier the benefit of payments made to the plaintiff from other sources.
The issue before the court is whether the insurance policy or the Regulation requires a further reduction in the plaintiff's UM coverage for the $16,695.58 in workers' compensation benefits which the plaintiff repaid to the workers' compensation insurance carrier. Neither the insurance policy nor the Regulation specifically addresses whether there should be such a reduction where the insured has repaid the workers' compensation benefits. Nationwide argues for a mechanistic application of the policy terms without close analysis of the Regulation. The policy provision provides for a reduction in coverage for "any sums paid or payable" under workers' compensation, without qualification. (Emphasis added.) Nationwide contends that "any" sums paid includes repaid workers' compensation benefits.
However, the Regulation provides for a "reduction . . . tothe extent that damages have been paid . . ." The language of the Regulation prevents the insured from a double recovery: to the extent that the insured's damages have been paid by another source, the UM carrier is relieved of any obligation to pay those already compensated damages. The focus is appropriately whether CT Page 5803 the insured's damages have been paid by another source.
Automatic application of the policy terms as urged by Nationwide leads to an untoward result: the insurer gets the benefit of a "double deduction." Nationwide readily admits that it will receive a double deduction under the interpretation of the policy which it urges. Because the insured has already used the proceeds of the tortfeasor's policy to repay the workers' compensation carrier for $16,695.58, the insured does not at the current time have any benefit from receipt of those workers' compensation benefits. As of the date of trial, the insured's damages were not paid by another source. Yet the defendant seeks the full reduction of $16,695.58 from the UM benefits despite the fact that the plaintiff has not retained the benefit of those workers' compensation payments. This is the so-called "double deduction." J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorists Coverage (1993) Section 6.8. The plaintiff's "damages" have been paid as of the date of trial to the extent of $36,864.34, but Nationwide seeks to apply total deductions of $53,559.92 against UM coverage of $50,000., with the result that the plaintiff would not recover anything under his UM coverage. The Regulation does not require such a result, which would be inimical to the remedial purpose of UM coverage and would result in the plaintiff receiving no benefit at all from his UM coverage (for which he has paid premiums) by granting a double deduction to his insurance carrier.
Our Supreme Court has upheld the Regulation in the face of a claim that the Regulation was contrary to the statute requiring uninsured motorist coverage, General Statutes § 38a-336, formerly designated as § 38-175c. Wilson v. SecurityInsurance Co., 213 Conn. 532, 537 (1990). In upholding the Regulation, the Supreme Court stated
 [t]he statute does not require that uninsured motorist coverage be made available when the insured has been otherwise protected or when the uninsured motorist has other resources available to protect the insured.
Ray v. Centennial Insurance Co., 171 Conn. 463, 472 (1976). One of the purposes of the Regulation was to prevent a double recovery by the insured. Bobeck v. Public Service MutualInsurance Co., 38 Conn. Sup. 318, 322-3 (1981). If the insured were to be able to retain workers' compensation benefits such as payment of medical bills or lost wages and recover those same CT Page 5804 payments or losses under his or her uninsured motorist protection, the insured would not only be protected, but would recoup a windfall, a double recovery. The requirement in the Regulation for a reduction in the underinsured motorist limits for payments of workers' compensation benefits prevents any such windfall.
By statute, any policy which affords UM coverage "shall be deemed to provide insurance . . . in accordance with . . ." applicable regulations of the state insurance department. General Statutes § 38a-338. "It is well settled that an insurance contract must be read to include provisions that the law requires be included and to exclude provisions that the law prohibits."Harlach v. Metropolitan Property Liability Insurance Co.,221 Conn. 185, 191 (1992). Agency regulations are presumed to be valid and they have the force and effect of a statute unless shown to be inconsistent with the authorizing statute. TravelersInsurance Co. v. Kulla, 216 Conn. 390, 399 (1990).
The Regulation provides for a reduction in the underinsured motorist coverage only "to the extent that damages have been . . . paid or are payable under any workers' compensation or disability benefits law . . ." The insurance policy must be interpreted to conform to the Regulation. The court finds that as of the date of trial, the plaintiff's damages have not "been paid" to the extent of $16,695.58 in workers' compensation benefits because the plaintiff repaid that amount to the workers' compensation carrier. In the words of our Supreme Court, the plaintiff has not been "otherwise protected" by these repaid workers' compensation benefits. Wilson v. Security Insurance Co., supra, 538. This finding is consistent with the Supreme Court's direction to the trial court with regard to interpretation of the Regulation:
 a limitation of liability on uninsured or underinsured motorist coverage must be construed most strongly against the insurer . . . The regulatory language . . . must be read, therefore, in light of this principle as well as the language and intent of § 38-175c.
American Universal Insurance Co. v. Delgreco, supra, 196-7. A court should not interpret the regulation so as to defeat the remedial purpose of underinsured motorist coverage. Id., 197. This court's interpretation of the Regulation is consistent with the remedial purpose of underinsured motorist coverage as well as CT Page 5805 the principle that limitations on underinsured motorist coverage must be construed strongly against the insurer.
Judgment is entered for the plaintiff for damages of $13,135.66 plus costs.
/s/ Vertefeuille, J. VERTEFEUILLE