[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Integrated Systems Resources, Inc. (hereinafter "ISR"), filed a motion to strike the two counts relating to it in the plaintiff's complaint. These are counts 3 and 5, alleging Unjust Enrichment and Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), respectively. ISR also moves that this court strike the paragraphs in the prayer for relief requesting punitive damages and attorney's fees. The defendant claims that count three is insufficiently pleaded because it does not allege that ISR made any promise to the plaintiff. It claims that count five should be stricken because a CUTPA claim cannot be based on an employment relationship. For reasons more fully set forth below, this court grants the defendant's motion to strike the fifth count, but denies the defendant's motion to strike the count three.
The law in Connecticut is that one is unjustly enriched when one is benefitted [benefited]; when one does not repay the individual who bestowed the benefit; and when the failure to repay was to the detriment of the individual who bestowed the benefit. HartfordWhaler's Hockey v. Uniroyal, 231 Conn. 276, 283 (1994). Unjust enrichment is an equitable remedy which is appropriate where "in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at CT Page 10946 the expense of the plaintiff." Schleicher v. Schleicher,120 Conn. 528, 534, 182 A.2d 162 (1935). "The theory of restitution as a basis for recovery encompasses both unjust enrichment and quantum meruit as the terms have been used in Connecticut cases. Broadly speaking, the availability of restitution is dependent upon unjust enrichment, that is upon a perceived injustice because one party has benefitted [benefited] at the expense of another. In a narrower sense, unjust enrichment has been the form of action commonly pursued in this jurisdiction when the benefit that the enriched party receives is either money or property." Burns v. Koellmer, 11 Conn. App. 375, 384,527 A.2d 1210 (1987).
In count three the plaintiff alleges that ISR has been unjustly enriched in a number of very specific ways. She claims that ISR was benefitted [benefited] from the services she rendered in: establishing and building the Testing Business; generating revenue for ISR; recruiting experienced software testing professionals to work for ISR and attracting clients to ISR; and increasing the sale price of ISR stock. Revised Complaint, count three, ¶¶ 25-28. The plaintiff also claims that ISR did not pay her for these services. Revised Complaint ¶ 29. These allegations are sufficient to establish a cause of action for unjust enrichment, notwithstanding the fact that the plaintiff did not allege that ISR promised her payment in return for the enriching services she allegedly provided. The individual defendants in this case are alleged to be agents of ISR. The plaintiff claims that they made representations to her in order to induce her to provide the benefit to the defendant. This is sufficient. Therefore, the defendant's motion to strike count three is denied.
The defendant argues that this court should strike the fifth count because its allegations of the CUTPA violations are based in the employment relationship. The principle that a CUTPA claim can not arise from within an employment relationship has been accepted in Connecticut. See, Quimby v Kimberly Clark Corp. ,28 Conn. App. 660. 670, 613 A.2d 838 (1992). While the plaintiff argued in opposition to the defendant's motion that the complaint alleged that the misrepresentations made by the individual defendants, giving rise to the CUTPA claim, were made prior to the plaintiff's employment relationship with ISR, there is no such claim in the count. The count merely specifies that the misrepresentations were made from 1996 to 1997. The complaint does not specify when the plaintiff became an employee of ISR. Looking at the other allegations, in count five, it is clear that CT Page 10947 the employment relationship plays a crucial role in the allegations. Therefore, this court cannot conclude, as the plaintiff would like, that the employment relationship was merely incidental to the overall agreement between the parties. Accordingly, count five must be stricken.
Having granted the motion to strike the fifth count and denied the motion to strike count three, this court similarly denies the motion to strike the paragraphs requesting attorney's fees and punitive damages in the prayer for relief.
Angela Carol Robinson, Judge, Superior Court